SCRIBNER *against* HICKOK and others.

On a bill filed by the mortgagor, to redeem, against the administrators of the mortgagee 'in possession, and others claiming under him, the defendants were decreed to pay to the plaintiff a certain sum for *the rents and profits* of the land, after deducting the mortgage debt; and the decree being silent as to the proportions which each defendant was to pay, one of the defendants paid the whole sum to the plaintiff, who gave him liberty to make use of the decree, to reimburse himself the amount: *held*, that he could use the decree only for his protection and indemnity, so far as his co-defendants were bound to contribute.

And the Court, on petition and motion of a co-defendant, directed the contribution to be enforced under the decree, so far only as the right was clearly ascertained.

THE plaintiff, as mortgagor, filed a bill to redeem against *James Hickok* and *Horatio Hickok*, aministrators of *Ezra Hickok*, the mortgagee, deceased, and *Daniel Hickok*, *Daniel Boardman*, and *Stephen Brayton*.

On the 22d *July*, 1812, the Master's report, as to the amount of the rents and profits of the mortgaged premises, received since the mortgagee took possession, after deduct-ing the debt of *Ezra Hickok*, the mortgagee, was confirm-ed, and the defendants, who were either administrators of the mortgagee, or assignees, under him, of the land, were decreed to pay to the plaintiff 4,287 dollars and 1 cent. On the 20th of *October* following, the defendant, *Horatio Hickok*, who was one of the administrators of the mortga-gee, satisfied the plaintiff, paying him 4,050 dollars, and obtained the consent of the plaintiff's solicitor to use the de-cree to reimburse himself. It appeared that *H. Hickok* paid the plaintiff to prevent an impending execution ; and he paid it out of his individual funds, though it appeared, by the affidavit of the defendant, *J. Hickok*, the other administra-tor, that he advanced about 1,000 dollars to *H. Hickok* for the purpose. An execution having been issued, at the in-stance of *H. Hickok*, against the defendant, *D. Boardman*, for the whole amount of the decree, and levied on his pro-perty, he obtained an order from Mr. Chancellor *Lansing*, on the 20th of *April*, 1813, staying the execution until fur-ther order.

A *petition* was now presented by *H. Hickok*, praying that the order of the 20th of *April*, 1813, might be vacated; and it appeared, from the documents and affidavits pro-duced, at the hearing of the motion upon the petition, that *Ezra Hickok*, the mortgagee, took none of the rents and profits to himself, but had assigned his right and interest in

1820.

SCRIBNER
v.
HICKOK.

the premises to the defendants, *D. Hickok* and *D. Board-man*, and that they and *Stephen Brayton*, who had pur-chased under one of them, had received all the rents and profits, in unequal proportions.

It appeared that the defendant, *D. Boardman*, had re-ceived, at least, a moiety of the rents and profits.

*J. V. Henry*, for *H. Hickok*, the petitioner.

*A. Van Vechten*, contra, for the defendant, *D. Boardman*.

THE CHANCELLOR considered that the defendant, *H. Hickok*, was not entitled to be deemed a purchaser, for himself, of the decree, and to use it as if he stood in the cha-racter of a stranger to the parties, but as having satisfied it, as one of the defendants, on behalf of the estate of *E. Hickok*, deceased ; and was entitled only to indemnity or contribution, *as a co-defendant*, from the other defendants. The defendant who had paid more than his due proportion, or who had paid the whole, when the same ought to be borne by the co-defendants, or some of them, was entitled to stand in the place of the plaintiff, and to use the decree for his protection and indemnity, so far as it clearly and cer-tainly appeared that the other defendants ought to contribute. (2 *Vesey*, 622. 1 *Wightw.* 2, 3. 6. 2 *Maddock's Ch. Rep.* 437. 11 *Vesey*, 22. 3 *Merivale*, 576. 1 *Atk.* 133. 2 *Vern.* 608.) Perhaps it would have been proper to have desig-nated, in the original decree, the proportions of the sum de-creed to the plaintiff, to be levied on the defendants respect-ively ; but as that was not done, the right of contribution was to be enforced, upon this motion, so far only as that right had been clearly ascertained.

The following order was entered :—" That, *inasmuch* as the decree of the twenty-second of July, in the year one thousand eight hundred and twelve, directing the payment

to the plaintiff of four thousand two hundred and eighty-seven dollars and one cent, with interest, from the fifteenth of January preceding, was directly and equally against all the said defendants, without discrimination, and the payment to the complainant of four thousand and fifty dollars, by the defendant *H. H.*, in satisfaction of that decree, under the circumstances of the case, and the proofs produced, is to be considered, not as a purchase by him in his own right, but as a payment by him in trust, and in his representative character, as one of the administrators of *Ezra Hickok*, deceased, for the benefit of that estate, and entitling him to contribution or indemnity, only in the character of a co-defendant, equally bound by the decree : And *inasmuch*, as it appears that the defendant, *D. Boardman*, was not bound, in equity to contribute to the said payment, but in a rateable proportion with such others of the co-defendants as were partakers, with him, of the rents and profits of the mortgaged premises ; and that he is not to be deemed answerable to the said *H. H.* for the entire proportions of the said payment, which the other defendants, *Daniel Hickok* and *Stephen Brayton*, or either of them, were, in equity, bound to contribute ; and *it appearing* upon this motion, that the said *Boardman* received, at least, a moiety of the said rents and profits, and is in equity bound to contribute a moiety of the payment so made by the said *H. H.*, and it not appearing, with sufficient certainty, how much more, if any, he ought to contribute—*It is thereupon* ORDERED, that unless the defendant, *Daniel Boardman*, within sixty days, bring into Court, and deposit with the register, for the use of the defendant, *H. H.*, two thousand and twenty-five dollars, with interest thereon, from the twentieth of *October*, one thousand eight hundred and twelve, that then the said motion be granted, so far as to allow the defendant, *H. H.*, to levy and collect the said last mentioned sum, with the interest thereon, as aforesaid, and no more, from the said defendant :

*and it is further declared,* that nothing in this order contained, shall be deemed to prejudice the right of the said *H. H.*, (if any he has,) to a suit in this Court, by bill, for any further or greater contribution from the said *D. B.*"