## HAWKINS et al. v. HILL et al.

WHERE plaintiff has two mortgages on the same property—the property being indivisible—and one of the mortgages is not due, he may, nevertheless, file his bill and have a decree for the forecloseure of both. And if the second mortgage becomes due before the decree, then defendant cannot defeat the action as to this mortgage by tendering the money due on the first mortgage, after the maturity of the second. The jurisdiction of the Court over the subject matter having attached, the Court should close the controversy by settling all things involved in the litigation.

Hawkins *v.* Hill.

APPEAL from the Ninth District.

Suit on two notes and mortgages made at different times, to different persons, and assigned to plaintiffs.

The property mortgaged was a water ditch. Defendants, who were the mortgagors, appeal.

*E. Steele*, for Appellants.

1. The action was premature as to the second note and mortgage. (8 Pick. 113; 7 Cal. 352; *Thatcher* v. *Taylor*, 3 Munf. 249.) The tender of the sum due when the suit was commenced, with interest and costs, should have abated the action. (*Joy* v. *Hall*, 4 Vt. 455.) The decree could not be for both notes, (1 Penn. 379) and being erroneous in part, it is erroneous *in toto*. (*Gaylord* v. *Payne*, 4 Conn. 490; 8 Cow. 406; 7 Cal. 352.) The Practice Act, sec. 248, applies only to a debt due by installments secured by one and the same mortgage.

*J. B. Rosborough*, for Respondents, cited Pr. Act, sec. 248; *Campbell* v. *Mc Comb*, 4 Johns. Ch. 534; *Wylie* v. *McMakin*, 2 Md. Ch. Dec.; *Am. L. & F. Ins. & Tr. Co.* v. *Ryerson*, 2 Halst. Ch. 9.

BALDWIN, J. delivered the opinion of the Court— COPE J. concurring.

The plaintiff filed his bill to foreclose two mortgages; one of them was due, the other was not. Both were on the same property, and the averment of the bill and the finding of the decree are that the property was not divisible. The last of these mortgages was due at the time of the judgment. The defendant offered to pay the first mortgage, and tendered and deposited the amount of it, but the tender was not made until after the last mortgage was due. The Court decreed the sale of the premises for the amount of both mortgages, and from this decree the appeal is taken.

The appellants insist that it was irregular in this way to decree the sale of the property. But the authorities show that when property is situated as this is, the right of the holder of the claims is to have a decree for them, though all of the debts be not due; the reason being, that otherwise the plaintiff would be without remedy as to the debt already due. At the time of the filing of the bill, the plaintiffs had a

right of action as to the senior mortgage, and the defendants were in default; and the right also existed to have the sale for the other mortgage. The mere fact that the tender was made of the money due on the first, after the maturity on the second mortgage, did not defeat this right of the plaintiffs to enforce in this action the second mortgage. The jurisdiction of the Court over the parties and the subject matter had attached, and the Court of Chancery, acting upon the subject, should close the controversy by settling up all the matters involved in the litigation. See *Campbell* v. *McComb et al.* (4 Johns. Ch. 533) and other cases referred to in the respondent's brief.

Decree affirmed.