## CHARLES BLAZEY *et al.*

### *v.*

## WILLIAM DELIUS *et al.*

1. FORECLOSURE — *sale for part of debt not due.* On foreclosure of mortgage the court may direct the whole mortgaged premises to be sold, if most conducive to the ends of justice in reference to the equitable rights of all parties, although a part only of the mortgage debt has become due; but the fact that the premises are a meager and scant security, and are going to ruin and decay, does not justify their sale for a debt not due.

2. On bill to foreclose two mortgages, one of which embraces land not included in the other, and where the whole debt is not due, the decree found that the mortgagor was insolvent and the premises could not be sold in parcels without prejudice to the parties, when there was no allegation in the bill to admit such proof, and authorized a sale *en masse* for the whole debt due and to become due: *Held*, that the decree was erroneous.

3. SAME—*of the decree for sale for debt not all due.*  If a sale of mortgaged premises is ordered for the entire debt, a part of which is not due, the decree should protect the rights of the mortgagor, so that in redeeming he will not be compelled to pay money before it is due under the contract.

4. SAME — *sale of lands not embraced in.*  Where two mortgages are partly upon the same premises, but one including land not in the other, it is error to decree the sale of the land not embraced in one mortgage for its satisfaction, and thereby increase the .burden upon the premises in the other mortgage.

WRIT OF ERROR to the Common Pleas Court of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

On the 15th day of November, 1873, William Delius and Detmar Delius, defendants in error, filed their bill in chancery against Charles Blazey and Margareth, his wife, to foreclose a mortgage executed by the two latter on the 3d day of January, 1872, to secure the payment of a promissory note of that date, made by said Charles, payable on July 8, 1876, with ten per cent interest payable annually.  The bill states that $340 of interest is due; that the premises are a scant security therefor; that the property had been sold for the taxes of 1870 and 1871 ; that complainants had been compelled, to save the property, to pay $200 to redeem it from the tax sale; that there was situated upon the premises a brewery with large cellars, together with out houses, barns, stables, ice-houses and a dwelling-house, and vats, kettles, boilers, etc., fixtures attached to the realty ; that the premises are going to ruin and decay ; and the bill prays a decree of sale for the payment of the amount due for principal and interest, and the amount paid to redeem from the tax sale.  On the 8th day of January, 1874, the complainants filed their supplemental bill, stating that since the filing of the original bill the further sum of $340 interest had become due; and that also, on the 5th day of January, 1874, the complainants, by purchase and assignment, acquired the ownership of certain promissory notes and a mortgage to secure their payment made, the notes by Charles Blazey, and the mortgage by himself and his wife, Margareth, on the first

day of June, 1862, the notes, amounting in the aggregate to $5,500, and payable two, four, six, eight and ten years from date, with six per cent interest, on which was due the sum of $4,400, with interest from April 23, 1871 ; that the mortgaged premises are a meagre and scant security, and praying a sale for the payment of the amount due for principal and interest on the said notes and mortgages. The property described in the two mortgages is in part the same, the last mortgage for $3,400 including all that described in the first mortgage, and some additional land.

The said Charles and Margareth Blazey having entered their appearance and failed to answer, a rule to answer instanter having been taken, the original and supplemental bills were taken for confessed against them, and after the hearing of proofs the decree found that there was due in all $6,138.25, besides $3,400 not yet due, and ordered that, in default of payment of the sum due within ten days, the premises be sold in parcels, or so much thereof as would be sufficient to pay the amount of $6,138.25 with interest and costs, and if there should be no bidders when offered in parcels, then the premises might be sold in whole to make the whole amount of the indebtedness due and yet to become due, to wit, the sum of $9,538.25, together with interest and costs. The defendants sued out this writ of error.

Messrs. WHEATON, SMITH & McDOLE, for the plaintiffs in error.

Messrs. BROWN & SOUTHWORTH, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

It is impossible to uphold this decree in its present form. It provides that in case there shall be no bidders for the premises when offered in parcels, then the premises may be sold in whole, to make the whole amount of the indebtedness due and

to become due, of which $3,400 would not become due until July 3, 1876.

This was erroneous. Not that the court might not direct the whole mortgaged premises to be sold if that should be most conducive to the ends of justice in reference to the equitable rights of all parties, although a part only of the mortgage money had become due. *Bank of Ogdensburgh* v. *Arnold*, 5 Paige, 38. The decree, it is true, finds that Charles Blazey is insolvent; that the premises cannot be sold in parcels without great prejudice to both complainants and defendants. But there is no allegation in the bill to admit such proof, the only allegation in that regard being that there are situated upon the premises a brewery, dwelling-house, etc. The premises embrace a block of ground and several lots in another block, besides other land. All the improvements might have been on any one lot, or parcel, for aught that appears by the bill. There is no allegation that the premises were not capable of being sold in parcels, or of being divided, without manifest injury to all the parties concerned, nor of facts showing the same. There is an allegation and a finding in the decree that the premises are going to ruin and decay, and that they are a meager and scant security; but those circumstances would not give the complainants any right in equity to have the premises sold for a debt not due. *Campbell* v. *Macomb*, 4 Johns. Ch. 533. And had it been necessary, in order to raise what was due, to sell the whole of the mortgaged premises because consisting of one entire subject, care should have been taken to protect the rights of the mortgagors as far as might be. The mortgagors would have had a period of time after sale for redemption. In case of a sale of the whole premises, in order to the exercise of such right to redeem, they would have been obliged to pay $3,400 before the time when it was due from them by their contract. Their rights in this respect should have been saved by the decree.

The $3,400 mortgage embraces land not included in the $5,500 mortgage. In case there could not be a sale in parcels,

the whole mortgaged premises in both mortgages were to be sold for the satisfaction of both mortgage debts.

The improvements, for any thing that appears, and what constituted the chief value of the whole property, might have been situated upon that part of the premises in the $3,400 mortgage which was not covered by the other mortgage; and thus, under the decree, the $5,500 mortgage debt might have been largely satisfied out of land described in the $3,400 mortgage, and not covered by the mortgage to secure the $5,500 debt, whereas that debt was not entitled to be satisfied out of any other land than that embraced in the mortgage given to secure its payment.

The decree must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*