Coombs *v*. Carr *et al.*

------◇------

## COOMBS *v.* CARR ET AL.

REDEMPTION.—*Mortgage.*—*Foreclosure.*—*Judgment Creditor.*—*Parties.*—*Rights as between Judgment and Mortgage Creditors.*—Where real estate, encumbered by a mortgage prior in lien to that of a mere personal judgment against the owner thereof, is first sold by the sheriff upon an execution issued on such judgment, and afterwards upon a decree of foreclosure of such mortgage, rendered in a proceeding therefor, whereof the purchaser had no notice, and without redeeming from him he or his grantee may, either in an original action by him, to redeem, against the latter purchaser,

or by a counter-claim in an action by the latter against him to quiet title, have an accounting of the amount actually due to such latter purchaser, and obtain a decree allowing him to redeem by paying such amount so to be found due.

SAME.—*Tender.*—To redeem in such action it is not necessary that, prior to the commencement thereof, such junior claimant shall have tendered the amount due to the holder of the prior claim, nor need he bring such amount into court; it being sufficient to offer, in his pleading, to pay whatever amount shall be found due.

QUERY.—In such proceeding, is the amount due to the holder of such prior lien determined by the amount for which his decree was rendered?

From the Clark Circuit Court.

*J. H. Stotsenburg* and *G. V. Howk,* for appellant.

*C. P. Ferguson, J. T. Dye* and *A. C. Harris,* for appellees.

BIDDLE, J.—Action by appellees, against the appellant, to quiet the title to certain lands. The complaint avers that the appellees are the owners in fee-simple and in possession of the lands, particularly describing them, and that, by virtue of a certain sheriff's deed, the appellant claims title to the same, adverse to the appellees, which title is a cloud, etc. Prayer that the title may be quieted in the appellees.

Answer:

1st. General denial;

2d and 3d. Special paragraphs, which allege essentially the same facts.

The third paragraph may be stated as follows:

"That on the 27th day of May, 1872, at the May term of the court of common pleas of Clark county, one George Spriesterbach, by the consideration of said court, recovered a judgment, without relief from valuation or appraisement laws, against one Joseph Carr, as principal, and Williams Prather, as his surety, for the sum of four hundred and five dollars, and costs of suit, taxed at fifty-six dollars and forty cents. Afterwards, on June 25th, 1872, and while such judgment was in full force, unappealed from, unreversed and unsatisfied, the said judg-

ment plaintiff, George Spriesterbach, caused a writ of execution to be duly issued upon said judgment, under the seal of the said court, and attested by the clerk thereof, directed to the sheriff of said county, commanding him to levy the said sums of money of the property of said defendants, in said county of Clark, subject to execution. On the day when said judgment was rendered, immediately prior thereto, and up to the 20th day of October, 1873, the said Joseph Carr was the sole owner, in fee-simple, and in the possession, of the real estate described in the plaintiff's complaint, and he had then and since no other real estate whatever, and he had no personal property, goods or chattels in said county, or anywhere else, subject to execution. During all of said period of time he was a resident householder of Indiana, and the amount of personal property owned by him did not exceed three hundred dollars, and the same, before said sale, was set apart to him, in the manner prescribed by law, as exempt from execution. The said real estate in the complaint described was of the probable value of seven thousand five hundred dollars,—and that is now its cash value. At the date of said judgment there were four mortgage liens upon said real estate, thus particularly described. The first was dated August 10th, 1871, in favor of one Mordecai B. Cole, for one thousand two hundred and fifty-three dollars and eighteen cents. The second was dated August 15th, 1871, in favor of one David H. Coombs, for two thousand two hundred and eighty dollars and forty cents. The third was dated August 16th, 1871, and was in favor of James Carr, Rebecca Carr, Robert L. Howe and the present plaintiffs, David and Elisha Carr, for three thousand seven hundred and thirty-six dollars and seventy-five cents, in the aggregate, the amount apparently due each mortgagee being separately stated. And the fourth was dated November 13th, 1871, in favor of James Beggs, for five hundred dollars.

"On the 26th day of June, 1872, by virtue of said writ of execution, the said sheriff levied the said writ upon the real estate of the said Joseph Carr, particularly described in the plaintiff's complaint, as the property of the said Joseph Carr. After due and legal advertisement, the said sheriff, on October 19th, 1872, sold the said premises, between the hours prescribed by law, at the court-house door, in Charleston, at public sale, to one John H. Stotsenburg, for the sum of ten dollars, cash in hand, then and there paid, he being the highest and best bidder therefor. On the said day, the said sheriff executed to the said purchaser a certificate of sale of the said premises, in due form of law, and on November 27th, 1872, the said purchaser duly assigned, in writing, the said certificate of purchase to this defendant. The said Joseph Carr and Williams Prather, or any other person legally authorized thereto, having failed to redeem the said premises within the period prescribed by law, the said sheriff, on October 20th, 1873, executed, acknowledged, and delivered to the defendant, a deed for all of the said premises, conveying to him all the interest of the said Joseph Carr therein, it being the same deed specified particularly in the plaintiff's complaint.

"The defendant further says, that, on the 1st day of October, 1872, the said David H. Coombs brought an action in the Clark circuit court, to foreclose his said mortgage, making as defendants thereto all of the said mortgage creditors above named, and the said Joseph Carr and his wife. The said defendants, mortgagees above named, all appeared in said action and severally filed their cross-complaints against the said Joseph Carr and wife, and such proceedings were had therein, at the October term, 1872, of the said Clark circuit court, with the consent of the said Joseph Carr and wife, that, on the 17th day of October, 1872, by the consideration of said court, judgments and decrees of foreclosure were rendered in favor of said David H. Coombs and said cross-

complainants, of whom the plaintiffs herein formed a part, and against the said Joseph Carr and wife, for the amounts stated by the said parties above named, and agreed upon between them and said Joseph Carr and wife, to be due upon their several mortgages and the notes thereby secured, and this defendant avers that the judgments of foreclosure, therein rendered in favor of the said David and Elisha Carr, Robert L. Howe and Rebecca Carr, were for much more in amount than was actually due upon said mortgages and the notes secured thereby, as these plaintiffs then and there well knew.

"The said George Spriesterbach, or the said John H. Stotsenburg, or this defendant, were not either jointly or severally made parties in any manner to said foreclosure proceeding above recited, had no notice thereof by summons or otherwise, made no appearance thereto, gave no consent to said proceeding, and no judgment was rendered in said cause against them or either of them.

"Afterwards, an order of sale was issued on said decree of foreclosure, to the sheriff of Clark county, against the said Joseph Carr and wife, and on November 16th, 1872, the sheriff of Clark county, without any notice to this defendant or the said Stotsenburg, his assignor, sold whatever interest the said Joseph Carr and wife had in said premises, to the plaintiffs herein, for the sum of seven thousand five hundred dollars.

" On the same day, said sheriff executed and delivered to them a certificate of sale therefor, and on November 17th, 1873, the said sheriff executed and delivered to these plaintiffs a deed conveying to them whatever interest the said Joseph Carr and wife had in said premises. And the defendant says, that, although the said premises had been sold on October 19th, 1872, as hereinbefore recited, neither the plaintiffs herein, nor any of said mortgage creditors or judgment creditors above named, either redeemed or offered to redeem the said premises from the sale under the judgment of the said Spriesterbach.

" The plaintiffs herein have and claim no other title or right, legal or equitable, to said premises, than such, if any, as they have acquired in the manner above recited, by and through said sheriff's deed. All the interest and right in said premises, either legal or equitable, which this defendant has in said premises, was acquired by him through the sheriff's deed upon the sale under said Spriesterbach's judgment, and he never has asserted or claimed any other right or interest therein. And, by virtue of said interest, he claims and desires to exercise the right to redeem the said mortgaged premises, by paying to the plaintiffs herein, the proper amount due to them upon a just and honest accounting, either in this action, if it can be had, or within a reasonable time hereafter, and he offers to pay whatever sum may be found due, upon a proper accounting.

"Beyond such rights he asserts no claim whatever to said premises. Wherefore," etc.

Demurrers alleging the insufficiency of the facts stated, as ground, were sustained to the second and third paragraphs of the answer, and exceptions reserved. The appellant then withdrew his answer in denial, and declined to further plead, whereupon the court decreed the title in the appellees.

By the facts alleged in each of the special paragraphs of answer, the appellant derives title to the land in controversy from a sheriff's sale on a judgment at law, subject to senior mortgage liens. The appellees derive title from a sale under a decree of foreclosure of one of the senior mortgages, rendered subsequently to the sale under the judgment at law. None of the parties interested in the sale under the judgment were made parties to the suit of foreclosure. The appellees, who hold under the decree, bring this suit to clear off the title of appellant, who holds under the judgment, and to quiet the title in themselves. The appellant claims the right, and offers to pay off the older liens, and thus redeem and pro-

tect his title. This is the naked question. There are other facts averred in the answer, which fortify this position.

This court has frequently decided that a purchaser under a decree of foreclosure of a junior mortgage may redeem against a senior mortgage before foreclosure, and after foreclosure when he has not been made a party to the suit. *Proctor* v. *Baker*, 15 Ind. 178; *Murdock* v. *Ford*, 17 Ind. 52; *Julian* v. *Beal*, 26 Ind. 220; *May* v. *Fletcher*, 40 Ind. 575.

And in *Holmes* v. *Bybee*, 34 Ind. 262, it was held that a junior judgment creditor stands, in this respect, upon essentially the same ground.

In the latest reported expression of this court upon this question, it was decided that "The holder of a junior mortgage who has foreclosed his mortgage in a suit without making a senior mortgagee a party, and who has bought in the mortgaged premises at a sheriff's sale on the decree, has a right to redeem the mortgaged premises from the senior mortgage, though the senior mortgagee may have previously foreclosed his mortgage without making the holder of the junior mortgage a party to the action, and though the premises may have been sold by the sheriff on the decree and bought in by the senior mortgagee," etc. *Hasselman* v. *McKernan*, 50 Ind. 441.

We think these authorities are decisive of the question before us. In our opinion, each of the paragraphs demurred to is a sufficient answer to the complaint.

In cases of this kind, where the court can decree the amount due, and make it a lien on the land, it is not necessary to make a tender before the commencement of the suit, nor bring the money into court; it is sufficient to make the offer in the pleading to pay the amount when it is ascertained. *Seller* v. *Lingerman*, 24 Ind. 264; *Hunter* v. *Bales*, 24 Ind. 299; *Turner* v. *Parry*, 27 Ind. 163; *Kemp* v. *Mitchell*, 36 Ind. 249; *Lynch* v. *Jennings*, 43 Ind. 276; *Ruckle* v. *Barbour*, 48 Ind. 274.

The judgment is reversed, with costs, cause remanded, with instructions to overrule the demurrers to the second and third paragraphs of the answer, and for further proceedings.

Petition for a rehearing overruled.

Howk, J., having been of counsel, was absent.