Cummings *et al. v.* Pottinger.

No. 9505.

## CUMMINGS ET AL. *v.* POTTINGER.

REDEMPTION.—*Sheriff's Sale.* — *Judgment.*—*Execution.*—*Foreclosure.*—A. recovered a personal judgment against B. in 1870. C. afterwards also recovered a personal judgment against B., and on execution thereon bid off B.'s land, after which A. foreclosed an older mortgage upon the same lands, not making C. a party to his foreclosure suit. After C. received his deed from the sheriff the land was sold to A. by the sheriff upon an execution on A.'s judgment and on his decree jointly, and in due time A. received a sheriff's deed.

*Held,* that C., after the lapse of a year from A.'s purchase, could not redeem; *Aliter,* if A.'s purchase had been upon his decree of foreclosure only.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans,* for appellants.

*W. S. Marshall* and *J. W. Cook,* for appellee.

FRANKLIN, C.—Appellants commenced this action against appellee to redeem certain lands that had been sold at sheriff's sale. The complaint is in three paragraphs. A demurrer was sustained to each paragraph. Appellants excepted, refused to amend, and judgment was rendered in favor of appellee for costs. The ruling of the court upon the demurrers is assigned for error.

The same question is substantially presented in each paragraph of the complaint, and appellants' counsel have discussed but the one question, and that is, has a junior judgment creditor, who has had a prior sale of lands by the sheriff, the right to redeem from a sheriff's sale of the same lands made jointly upon an execution issued upon a senior judgment and a copy of a decree of foreclosure of a senior mortgage, after the year for redemption has expired?

The facts in the case are as follows: Appellants' assignor recovered his judgment in December, 1871, had the land sold on execution in March, 1872, and received a deed in April, 1873. Appellee's assignor recovered his judgment in November, 1870, and in April, 1872, foreclosed a mortgage for another

debt than the judgment, which mortgage was dated in October, 1871, and recorded January, 1872.

The land was sold by the sheriff under an execution upon the judgment and a copy of the decree of foreclosure of the mortgage, in April, 1873. The judgment defendant executed a quitclaim deed for the land to appellee's assignor, who thereunder took possession of the land, which has since been held by him and appellee. This suit by appellants to redeem was commenced on April 8th, 1878.

Junior incumbrancers have a right to redeem lands from a sale made upon a foreclosure of a mortgage, after the year of statutory limitation for redemption has expired, unless they have been made parties to the foreclosure proceedings and their right to redeem has been foreclosed at the expiration of the year for redemption. The statute giving a year to redeem "does not cut off or affect any right of redemption existing by the general principles of law, and held by one who was not a party to the 'judgment, decree, or other judicial proceeding' on which the sale was made." *Holmes* v. *Bybee,* 34 Ind. 262–267. *Coombs* v. *Carr,* 55 Ind. 303. And it has been held by this court that a judgment creditor, who has obtained a personal judgment in his foreclosure proceedings, may redeem from a sale made upon the decree of foreclosure, where the sale did not bring enough to pay the judgment. *Greene* v. *Doane,* 57 Ind. 186.

In the case of *Holmes* v. *Bybee, supra,* it was also held that where subsequent incumbrancers, by judgment or mortgage, are made parties, but fail to set up their claims and procure an order for payment according to priorities, such incumbrancers come within the letter and spirit of the statute, and may redeem according to its terms, and not otherwise. The proceedings against them are valid, and they may have such redemption as the statute provides, and none other. "Statutes may well limit the time within which an action shall be brought, or a right asserted, after it accrues, because the party

having the cause of action or the right knows, or is supposed to know, when it accrued; and, consequently, he knows when the statute begins to run, and when he will be barred."

But the right to redeem property sold at sheriff's sale upon an execution or order of sale issued upon ordinary judgments, decrees, or other judicial proceedings within this State, is regulated by statutory law, and, to be made available, must be exercised within one year from the date of sale. Sec. 1, act. of 1861, 2 R. S. 1876, p. 220. The right to redeem property sold on a decree of foreclosure of a mortgage, where the lien-holder has not been made a party to the foreclosure proceedings, forms an exception to the general statutory provision for redemption in a limited time.

In the case at bar, appellants were not made parties to the foreclosure proceedings, and were not parties to the judgment.

Had the land been sold upon the decree of foreclosure alone, we think it clear that appellants would have the right to redeem; and had it been sold upon the judgment alone, we think it is equally clear that they would not have a right to redeem.

It being sold jointly upon both, the sale upon the foreclosure proceedings can not be separated from the sale upon the judgment. And as the right to redeem from the sale upon the judgment does not exist after the expiration of the year for redemption, appellants' right to redeem as to the sale under the foreclosure of the mortgage, after the expiration of the year for redemption, is also cut off. They could not redeem in part, when such part could not be separated from the part in which they had no right to redeem. No question is made by counsel as to the validity of the sale under the foreclosure of the mortgage without making appellants or their assignor a party. And treating it as valid, as they have done, we decide nothing in relation to that matter.

We think the complaint did not state facts sufficient to constitute a good cause of action to redeem. And there was

no error in sustaining the demurrer to each paragraph thereof.. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.