No. 10,605.

GORDON *v.* LEE.

MORTGAGE.—*Foreclosure.*— *Sheriff's Sale.*— *Redemption.*— *Lis Pendens.*—G. sued to foreclose a senior mortgage, making the junior mortgagee a party, and pending the suit he became assignee of the later mortgage. Without amendment of the complaint the case resulted in a foreclosure of the senior mortgage, a sheriff's sale to L., and at the proper time a deed by the sheriff to L.

*Held,* that after the lapse of a year from the sheriff's sale G. had no right to maintain a suit to redeem therefrom or to foreclose the junior mortgage.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

NIBLACK, J.—The complaint in this case was in the nature of a bill to redeem a lot, or small parcel of land, in the city of Elkhart, from a sheriff's sale upon the foreclosure of a senior mortgage upon it, and to foreclose a junior mortgage held by the plaintiff.

It was shown by the evidence that Frances M. Rittenhouse and George W. M. Harper, on the 9th day of January, 1872, executed to one Henry Ray a mortgage on the lot in question to secure the payment of a sum of money therein specified; that sometime afterwards Rittenhouse and Harper sold and conveyed the lot to Edwin D. Foster and Charles A. Foster,

subject to the mortgage, and, to secure the payment of the purchase-money, took from them two promissory notes and a junior mortgage on the same lot, which, as well as the first mortgage, was recorded in due time ; that thereafter Ray sold and transferred his debt and mortgage to Alexander Gordon, the appellant here; that Gordon thereupon commenced a suit against Rittenhouse and Harper and Edwin D. Foster and Charles A. Foster to foreclose the mortgage thus transferred to him by Ray, also making one George H. Foster a defendant to the action, upon the assumption that he had become a subsequent purchaser of the lot, and had assumed to pay the senior mortgage ; that during the pendency of this suit Gordon purchased from Rittenhouse and Harper, and took from them an assignment of the notes and junior mortgage taken by them from Edwin D. Foster and Charles A. Foster, but without amending his complaint, or otherwise noticing of record such junior mortgage, took judgment and a decree of foreclosure upon the first mortgage ; that Gordon caused an order of sale to be issued upon that decree, and at a sheriff's sale held thereunder Mrs. Mary E. Lee, the appellee in this appeal, became the purchaser for the amount of principal, interest and costs due upon the decree ; that after the time for redemption from the sheriff's sale had expired, no one in the meantime having assumed to redeem it, Mrs. Lee received a sheriff's deed for the lot and went into possession.

Upon these facts the circuit court made a finding that the appellant was not entitled either to redeem the lot from the sheriff's sale, or to have a foreclosure of the junior mortgage as against Mrs. Lee, and, after overruling a motion for a new trial, which challenged the sufficiency of the evidence, rendered final judgment in favor of Mrs. Lee. There were other defendants against whom certain proceedings were also had, but the appeal in this case is only from the judgment in favor of Mrs. Lee.

This suit was prosecuted upon the theory that as no notice

was taken of the junior mortgage in the proceedings to foreclose the senior mortgage, no one connected with or interested in the junior mortgage was in any manner concluded by such proceedings; that hence the appellant, as the holder of the junior mortgage, stood in the same relation to the decree of foreclosure upon the senior mortgage as he would if he had not been a party to that decree, and was not, in consequence, limited to one year's time in which to redeem from the sheriff's sale.

The doctrine is well settled in this State that the rights of a junior encumbrancer are in no wise affected by the foreclosure of a senior mortgage, unless he is made a party to the proceeding which results in such foreclosure. *Holmes* v. *Bybee*, 34 Ind. 262; *Coombs* v. *Carr*, 55 Ind. 303; *Hasselman* v. *McKernan*, 50 Ind. 441; *Hosford* v. *Johnson*, 74 Ind. 479; *Cummings* v. *Pottinger*, 83 Ind. 294.

Upon general principles, every encumbrancer of real estate is entitled to his "day in court" before he is concluded, and when a junior encumbrancer has not had his day in connection with proceedings to foreclose a senior mortgage, he is entitled to redeem from such senior mortgage independently of the time limited by the statute.

In the case of *Holmes* v. *Bybee, supra*, it was said, that "in case of a sale on foreclosure, where subsequent encumbrancers, by judgment or mortgage (and possibly prior ones), are made parties, but fail to set up their claims and procure the order for payment according to priorities; such encumbrancers, we think, come within the letter and spirit of the statute, and may redeem according to its terms, and not otherwise. They have had their day in court; the proceedings against them, therefore, are valid, and they may have such redemption as the statute provides, and none other."

Continuing, and referring to the redemption law of 1861, the court in that case further said: "The statute in question ought not, in our opinion, to be construed as a general limitation law, cutting off all rights of redemption after the ex-

piration of a year from the sale. Statutes may well limit the time within which an action shall be brought, or a right asserted, after it accrues, because the party having the cause of action or the right knows, or is supposed to know, when it accrued; and, consequently, he knows when the statute begins to run, and when he will be barred."

The conclusion inferentially reached in that case was, that the right of a junior encumbrancer to redeem was limited by the statute to one year, except where such encumbrancer was not a party to, and hence presumptively had no knowledge of, the proceedings to foreclose the senior mortgage. The doctrine of that case was reasserted, and fully approved, by the more recent case of *Cummings* v. *Pottinger, supra,* and up to this time stands unquestioned in this court.

In the case before us the appellant was not only a party to, but was the moving party in, the proceedings to foreclose the senior mortgage. After acquiring the junior mortgage he stood chargeable with notice of all that pertained to both mortgages. He might have amended his complaint and demanded the foreclosure of both mortgages. He seemingly preferred, nevertheless, to ignore the existence of the junior mortgage, and to take a decree for the sale of the equity of redemption upon which only the junior mortgage was operative as a lien. He then caused and permitted the entire lot to be sold to, and purchased by, a stranger to the decree for only the aggregate amount due upon the senior mortgage.

Whether, under the circumstances, the appellant was guilty of such *laches* as would have restrained him from redeeming at any time is a question we have not considered. It is sufficient for us to hold, as we feel constrained to do, that he was estopped from redeeming after the statutory year had expired.

The judgment is affirmed, with costs.

MITCHELL, C. J., having been of counsel in this cause, took no part in its decision.

Filed May 25, 1885.