## DIXON ET AL. *v.* EIKENBERRY.

[No. 20,127. Filed May 26, 1903. Rehearing denied October 16, 1903.]

MORTGAGES.—*Foreclosure.—Failure to Assert Tax Claim.—Estoppel.—Quieting Title.*—Where a mortgagee holding a tax certificate of purchase foreclosed his mortgage, without setting up his tax claim, he and his assignee of such claim lost any right to assert such claim afterwards against the other parties to the decree in the foreclosure suit, or against any person claiming under them or deriving title to the mortgaged premises through that decree.

From Howard Circuit Court; *W. W. Mount,* Judge.

Suit by William H. Eikenberry against Walter J. Dixon and others to quiet title. From a judgment in

favor of plaintiff, defendants appeal.  Transferred from
Appellate Court, under clause 2, §1337j Burns 1901.  *Reversed*.

*B. C. Moon*, for appellants.

*J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf*, for
appellee.

Dowling, J.—Action by the appellee Eikenberry to
quiet his title to a tract of land situated in Howard county.
Answer in denial.  Trial by court, and special finding with
conclusions of law thereon.  Exceptions by each defendant
below to the second and third conclusions.  Judgment for
appellee.

Error is assigned on the second and third conclusions of
law, which were as follows:  "(2) That the plaintiff William H. Eikenberry has and holds a first lien upon the real
estate described in his complaint, in the sum of $103.85,
with interest thereon at the rate of six per cent. per annum
from October 23, 1899, the date of the filing of the finding
of facts in this action; that the lien of the plaintiff is senior
and superior to the claim and rights of each of the defendants to this action; that plaintiff's lien should be foreclosed
as against said real estate and the defendants to this action, without relief from valuation and appraisement laws,
and the real estate ordered sold at a time to be fixed by
the court; (3) that the plaintiff should recover, as against
the real estate described in his complaint, his costs in this
action."

The material facts found, which were supposed to authorize these conclusions, were the following:  December
1, 1891, one Harrell, being the owner of the land described
in the complaint herein, executed a mortgage on the same
to one William M. Graffis to secure a debt of $500, with
interest thereon, and this mortgage was duly recorded.
The mortgaged premises were properly assessed for taxation for the years 1894 and 1895.  Continuously from
1894 until February 11, 1896, when said land was sold for

taxes, Harrell owned and held on said land tangible personal property from which the said taxes could have been collected, but no effort was made by the treasurer of Howard county to collect the same by levy upon and sale of such personal property. February 11, 1896, said land was sold by the county treasurer for said taxes to one Edward B. McConnell for $57.50, being the amount of such taxes, penalty, and costs. McConnell paid said sum to the treasurer, together with a fee of fifty cents, and said treasurer executed to him a certificate of such sale and payment. April 25, 1896, McConnell sold and assigned his tax certificate to said mortgagee Graffis, who held it until April 6, 1897, when he assigned said certificate, to the appellee, Eikenberry. November 9, 1896, Graffis, while owning and holding said tax certificate, foreclosed his said mortgage in the Howard Circuit Court, making parties defendant thereto Harrel and wife, Walter J. Dixon, and James E. Hillis, together with other junior lien creditors, and a decree was rendered for the sale of said mortgaged premises and the distribution of the proceeds of such sale. No mention of the tax certificate and claim held by Graffis, the mortgagee and plaintiff in that suit, was made in the complaint. March 20, 1897, the mortgaged premises were sold by the sheriff of said county, pursuant to the said decree, to the said Graffis, for $676.25, and a certificate of purchase was executed to him, which certificate he assigned to the appellee Eikenberry April 6, 1897. Before the expiration of one year from said sale Dixon and Hillis, who were joint junior lien holders and parties defendant to said action, redeemed said premises from said sheriff's sale, and received from the clerk of said court a certificate showing that fact. Said redemption money was paid to said Eikenberry, to whom Graffis had assigned the sheriff's certificate of sale (and who was also the assignee of said tax-sale certificate), who thereupon surrendered said sheriff's certificate. March 31, 1898, at the request of said Dixon and

Hillis, an execution upon the said judgment in the nature of a writ of *vendilioni exponas* was issued by the clerk of said county to the sheriff thereof, commanding him to sell said premises to satisfy the claims of the said Dixon and Hillis as redemptioners and judgment creditors, and afterwards said land was by said sheriff, by virtue of said writ, duly sold to said Dixon for $748.55, which was paid, and a deed in fee simple executed to him by said sheriff. May 12, 1898, Dixon conveyed said land by warranty deed to the appellant Lytle, and Lytle and wife on the same day executed to the appellant Johnson a mortgage on said premises to secure the payment of a debt of $500, all of said instruments being duly recorded. March 1, 1898, the auditor of Howard county executed to the appellee Eikenberry a tax deed for said land, in the statutory form, upon the surrender of the tax certificate before that assigned by Graffis to said Eikenberry, which deed was placed upon record. The amount due upon the said tax claim, if valid, is $103.85.

The question for decision on these facts is whether a mortgagee of land, holding an invalid tax certificate of purchase on account of an attempted sale for taxes duly assessed against said land after the execution of his mortgage, may foreclose such mortgage without setting up his claim for taxes, and afterwards enforce such claim for taxes in a subsequent action against the mortgaged premises, by himself or through an assignee, the premises then being held by or through a purchaser under the decree of foreclosure. Many considerations seem to require that such right should be denied. The taxes having been assessed and become due after the execution of the mortgage, the mortgagee might have paid them to the county treasurer, and thereby acquired an additional lien on such land, which by the statute would have been collectible in the same manner as the original lien. §8595 Burns 1901; *Douglass* v. *Miller*, 102 Ill. App. 345.

Graffis, the mortgagee, did not see fit to pursue this course, but suffered the taxes to become delinquent, and, upon a tax sale of the land (which was invalid because there was personal property of the owner out of which the taxes could have been made by levy and sale) attempted to purchase the same. By this sale he acquired no title, but, as the trial court found, he obtained a lien only for the amount paid by him at such sale with interest thereon. When he brought his suit to foreclose his mortgage he was therefore the holder of two liens upon the same land; the tax lien being junior in time, even if superior in equity. In that action he was the moving party. If he held any claim or lien in addition to that given him by his mortgage, it was his duty as a party to the suit to set it up. He ought to have done so in order that his rights as such lien holder might have been settled by the decree. 4 Kent's Comm. *183, *184.

It would appear to be especially the duty of the plaintiff in a suit to foreclose a mortgage to disclose in his complaint all liens against the land held or claimed by him. His failure to do so might well be taken as a representation that he held none, or as a waiver or abandonment of them, if any existed. A purchaser of the decree or of the land, upon a sale pursuant thereto, might otherwise be deceived and imposed upon, and there would seem to be good reason for holding that, by his failure to set up a claim held by him, the plaintiff in a suit to foreclose a mortgage on lands would be estopped to assert it, at least against a purchaser of the decree without notice, or the purchaser of the land under the decree. It is not a sufficient answer, under the circumstances of the present case, to say that the tax claim of the appellee was a matter of record, and that the parties who purchased the land upon a redemptioner's sale pursuant to the decree of foreclosure had constructive notice of its existence. We do not think it necessary to dwell upon this feature of the case, because it is too plain

for argument that the fact that a lien is a matter of record does not excuse its holder from setting it up when he is a party to an action to foreclose a mortgage on the land affected, and is challenged or required to do so. Besides, the mortgagee may yet, for some purposes, be regarded as the owner of the legal title to the land, subject to be defeated by the payment of the debt or the performance of the condition of the mortgage. By this suit to foreclose, he seeks the aid of the court to cut off the equity of redemption, and to sell the land for the payment of his claim. He can not sell the land himself, but he asks the court to sell it for him, and he ought not to be permitted to impair or destroy the title so conveyed by withholding and afterwards setting up a lien which he held and might have asserted in his suit to foreclose. *United States Sav., etc., Co.* v. *Harris*, 142 Ind. 226, 232, 233.

The statute of mortgages and their foreclosure now in force is somewhat imperfect and unsatisfactory in form, and its application often renders resort to general principles and other statutes necessary. In many respects it is greatly inferior to the act of 1843. It may be supposed that in the revisions of 1852 and 1881 it was considered that there was an unnecessary particularity in the revision of 1843 in its statement of chancery rules governing the foreclosure of mortgages, and that it assumed that these rules were understood and applicable in such proceedings without incorporating them in the statute. Section 45 R. S. 1843, p. 462, is as follows: "All sales of mortgaged premises, under the decree of the court, shall be sold [*sic*] as other lands are required by law to be sold on execution; and the sheriff selling the same shall execute and deliver a proper deed of conveyance therefor to the purchaser thereof, as in cases of sales of real estate under execution; *and any deed thus executed, in pursuance of any such sale, shall be as valid as if executed by the mortgagor and mortgagee, and shall be an entire bar against each of*

*them, and against all parties to the proceedings therein, and against their heirs respectively, and all persons claiming under such heirs."* In the revisions of 1852 and 1881, §635 (2 R. S. 1852, p. 176) and §1100 (§1114 Burns 1901), respectively, seem to have been substituted for §45 R. S. 1843, *supra.* Neither the revised statutes of 1852, nor those of 1881, in the acts relating to the foreclosure of mortgages, make any provision for the execution of a deed by a sheriff upon a sale on a foreclosure; nor is anything said in them regarding the effect of a sale under a decree of foreclosure upon the rights of the mortgagee in the land. But we know of no reason why a rule similar to that stated in §45, *supra,* should not be applied to the decrees of foreclosure and sales of land under existing statutes. Sound equitable principles certainly require that a deed made upon a sale pursuant to a decree of foreclosure of a mortgage on land should be as valid as if executed by the mortgagor and mortgagee, and that it should constitute an entire bar against each of them, and against all parties to the proceedings therein, and against their heirs respectively and all persons claiming under such heirs. Wiltsie, Mortgage Foreclosures, §577; *Ames* v. *Storer,* 98 Wis. 372, 67 Am. St. 813; *Tallman* v. *Ely,* 6 Wis. 244; *Montgomery* v. *Middlemiss,* 21 Cal. 103, 81 Am. Dec. 146.

Volume 9 Ency. Pl. & Pr., 231, states it as a general rule that the mortgagee, or assignee, of two or more mortgages on the same premises, only one of which is due and payable, may not file a separate bill to foreclose each mortgage, but should state all his junior encumbrances upon the premises in his bill to foreclose his junior (senior) mortgage. *Hawkins* v. *Hill,* 15 Cal. 499, 76 Am. Dec. 499; *Pierce* v. *Balkam,* 2 Cush. (Mass.) 374; *Roosevelt* v. *Ellithorp,* 10 Paige (N. Y.) 415; *Homeopathic Mut. Life Ins. Co.* v. *Sixbury,* 17 Hun (N. Y.) 424. In the latter case it was said by the court: "The practice of the court requires that the complainant, in his bill, should set

out all his claims upon the mortgaged property, and have the same in that suit duly litigated and disposed of by the decree, and that if he omits to set out any encumbrance which he holds upon the premises junior to the mortgage described in the bill, such junior incumbrance will be cut off by a sale on a decree foreclosing the first mortgage, and making no allusion to any further encumbrance. * * * As a general rule a foreclosure bars the claims of all persons having liens subsequent to the mortgage foreclosed, who were parties to the suit. The complainant was a party, and if he omitted to set up the claim upon the Mills mortgage, the neglect was his own." See, also, *Gordon* v. *Lee,* 102 Ind. 125; *Ballew* v. *Roler,* 124 Ind. 557, 558, 9 L. R. A. 481; 2 Washburn, Real Property (4th ed.), 257; *Adair* v. *Mergentheim,* 114 Ind. 303; *Grattan* v. *Wiggins,* 23 Cal. 16, 32; *English* v. *Aldrich,* 132 Ind. 500, 32 Am. St. 270; *Shores* v. *Scott River Co.,* 21 Cal. 135. It has been held in other jurisdictions, under circumstances very similar to those shown to exist in this case, that the mortgagee holding several liens upon the same premises has no right to split up his cause of action, and, after foreclosing for the larger claim, to bring a second suit for the lesser. It is said that his right to foreclose is exhausted by the decree first rendered. *Abbott* v. *Stone,* 172 Ill. 634, 64 Am. St. 60; *Day* v. *Brenton,* 102 Iowa 482, 63 Am. St. 460; *Loomis* v. *Clambey,* 69 Minn. 469, 72 N. W. 707, 65 Am. St. 576.

By his failure to set up his tax claim in the action brought by him to foreclose his mortgage, when equity required that he should do so, Graffis lost his right to assert it afterwards against the other parties to the decree in that suit, or against any person claiming under them or deriving title to the mortgaged premises through that decree. As Graffis could not be permitted to set up this claim, neither can his assignee Eikenberry do so. The proper conclusions upon the facts were that Eikenberry

had no title to, nor lien upon, the premises described in his complaint, and that the defendants should recover from him their costs.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in conformity to this opinion, and to render judgment for the appellants.