## A. F. Snow et al., Appellees, v. Anna Haberer et al., Appellants.

## Gen. No. 16,504.

FORECLOSURE—*when decree erroneous.* Where two separate trust deeds covering two separate lots are sought to be foreclosed in the same proceeding a decree is erroneous which directs a sale of both lots for the payment of the entire amount due upon both notes. The debt evidenced by each note can only be satisfied out of the land described in the trust deed given to secure the same.

Foreclosure. Appeal from the Circuit Court of Cook county; the HON. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed in part, reversed in part and remanded with directions. Opinion filed May 15, 1912.

GEORGE W. BROWN, for appellant.

HENRY POLLENZ, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court foreclosing two trust deeds executed by Anna Haberer and George J. Haberer, February 26, 1902. Said trust deeds convey respectively lot 1 in block 15 and lot 2 in block 15 in Montrose in Cook county, and each was given to secure one note for $1,500, payable on or before five years after date to the order of the makers

and by them endorsed. The decree finds the total amount due on both of said notes, for principal, interest and solicitor's fees, to be $3,749.70, and directs that upon default in the payment of said amount the master sell the premises described in both trust deeds and apply the proceeds of such sale to the payment of said amount, together with costs.

The answer of the defendants to the bill of complaint admits the execution of the trust deeds and notes, but denies that the same or either of them were ever delivered by the makers to the complainant, Charles H. Commons, and avers that the same always remained in the possession of the makers until they were taken by Commons from the private box of the defendant George J. Haberer; that no consideration was ever given for said trust deeds and notes; that no interest has been paid on said notes, and that they never became binding obligations. The defendants also filed their cross bill, wherein they allege the same matters set forth in their answer, and pray that said trust deeds and notes be delivered up and cancelled. After issue joined upon the bill and cross-bill the cause was referred to a master to take the testimony, and report the same, together with his conclusions of law and fact. Objections and exceptions to the report filed by the master were overruled and the decree entered is in substantial accord with the master's conclusions and recommendations.

The notes and trust deeds in question were executed by the appellants, Anna and George J. Haberer, February 26, 1902, and recorded February 28, 1902, and were retained by Haberer until they came into the possession of appellee, Charles H. Commons. At that time and prior thereto Haberer was engaged in the real estate business with Charles L. Delfosse and A. F. Snow, and Commons was employed as bookkeeper. Shortly thereafter Delfosse withdrew from the business and Commons was admitted as a partner. The

Snow v. Haberer, 170 Ill. App. 265.

business was then conducted under the firm name of Haberer, Snow & Co. Haberer was heavily involved financially and the trust deeds and notes were executed by himself and wife to enable him to realize money to be applied in payment of his debts.

The evidence introduced on behalf of appellee, Commons, tends to show that he advanced money to Haberer from time to time from February 2, 1902, until December 15, 1905, when Haberer's indebtedness to him aggregated $4,337.78; that there was then some controversy between them as to the amount due, which was finally settled by Haberer's proposal to pay $3,200, and Commons' acceptance of such proposal; that Haberer then delivered the trust deeds and notes in question to Commons in payment of the debt.

Haberer sought to show that he had the trust deeds and notes in his possession, in a tin box in the office vault, as late as September, 1906; that he never delivered the same to Commons, but that Commons wrongfully abstracted the same from the vault; that he was not indebted to Commons in any considerable sum; that Commons was financially unable to advance the amount of money claimed to be due him.

The evidence in the record is voluminous, and involves numerous items, as appears from an inspection of the checks, bills, notes and contracts offered, varying in amount from $3.10 to $600, paid by Commons to Haberer or for his use. If it be conceded that some of the items involved were improperly charged to Haberer, there still remain sufficient which are satisfactorily shown by the evidence to have been properly charged to him, to fully equal the amount of his indebtedness as claimed.

A consideration and discussion of each item involved would unduly extend this opinion. After diligent examination of the record we are unable to say that the findings of the master, approved by the chancellor, are clearly against the weight of the evidence.

Appellees are entitled to a decree of foreclosure, as prayed in the bill, but the decree entered erroneously directs a sale of both lots for the payment of the entire amount due upon both notes. The trust deeds cover two separate lots, and the debt evidenced by each note can only be satisfied out of the land described in the trust deed given to secure the same. Blazey v. Delius, 74 Ill. 299; Brown v. Kennicott, 30 Ill. App. 89.

The decree is affirmed in part and reversed in part, and the cause is remanded with directions to enter a decree providing for the sale of each lot separately in satisfaction of the amount due upon the note secured by the trust deed covering the lot therein described. One half of the costs in this court will be taxed against appellants and one half against appellees.

*Affirmed in part, reversed in part, and remanded with directions.*