[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO SUPPLEMENT JUDGMENT MOTION
The plaintiff, Gorbach Properties, Inc. instituted a foreclosure action against defendants Antonio Reyes and Sterling Resources, LTD. The plaintiff is the mortgagee of property located at 1129-1135 Barnum Avenue in Bridgeport, Connecticut. In addition to this first mortgage of $36,500.00, the plaintiff also holds a second mortgage on the same property in the amount of $16,500.00. (Complaint, paragraphs 3 and 4). Defendant CT Page 3689 Sterling holds a third mortgage on the property in the amount of $36,500.00. (Complaint, paragraph 5).
The plaintiff seeks strict foreclosure of the first mortgage. Defendant Sterling disclosed no defense to the foreclosure action but filed an appearance to preserve its rights as junior lienor.
A foreclosure by sale was ordered on June 11, 1990 (Thompson, J.) and the date of sale was set for September 8, 1990. Appraisers for the plaintiff determined that the market value of the subject property was $225,000.00. Three court appointed appraisers valued the land at $200,000.00. Among the six bidders, defendant Sterling and the plaintiff (via Woodrow Gorbach) were the only two registered bidders. (Committee Report, paragraphs 22 and 23.) Defendant Sterling purchased the property for $101,000.00. Thereafter, the plaintiff filed a motion to approve the supplemental judgment and the order of distribution set forth therein. In the motion for supplemental judgment the plaintiff requested the court to pay the proceeds from the foreclosures as follows:
(1) Committee $6,387.50;
(2) Plaintiff $69,377.83 (total of both mortgages);
(3) Defendant Sterling (balance).
Defendant Sterling filed an objection to plaintiff's motion for supplemental judgment and distribution order asking that only plaintiff's first mortgage be paid with the balance going to Sterling. Defendant Sterling attached an affidavit of debt for $53,075.91.
The issue is whether plaintiff's second mortgage was extinguished because plaintiff failed to make itself a party defendant.
"In Connecticut, the law is well settled that whether a mortgage is to be foreclosed by sale or strict foreclosure is a matter within the sound discretion of the trial court. General Statutes 49-24." Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 184 (1985) (court ordered strict foreclosure after determining the fair market value of the properties and the amount of mortgage debts). "The trial court in the exercise of its equitable powers must ensure that the security of a subsequent encumbrancer is realized where possible." Fidelity Trust Co. v. Irich, 11 Conn. App. 53, 66
(1987) (Bieluch, J. dissenting because strict foreclosure ordered instead of foreclosure by sale even though the latter CT Page 3690 would have provided some money to the second mortgagee). Although the plaintiff's prayer for relief asked for strict foreclosure, the court was within its discretion to order foreclosure by sale.
Defendant Sterling contends that the plaintiff brought this foreclosure action solely to foreclose upon its first mortgage. (Complaint, p. 3, paragraph 1.) Defendant Sterling acknowledges that the plaintiff has "pleaded that it holds a second mortgage on the premises junior and subsequent to its first mortgage." (Defendant's Brief Objecting to Supplemental Judgment, p. 1; see also Complaint, p. 2, paragraph 4.) The crux of the defendant's argument is that the plaintiff should have made itself a defendant in the action in order to preserve its rights (e.g. second mortgage) as a junior encumbrancer. Defendant Sterling contends "[T]hat foreclosure of the senior mortgage by one holding a junior mortgage on the same premises, by a suit in which no attempt is made to foreclose or preserve the junior lien, extinguishes such junior lien." 39 A.L.R. 1482, 1488-1489 (citations omitted).
The cases citing the above proposition of law are not binding or applicable to the case at bar. The American Law Report annotation and the cases it cites are from various jurisdictions and concern situations in which the plaintiffs did not give notice of their second mortgages and, therefore, the purchaser was disadvantaged. There is no Connecticut case law exactly on point.
In Gordon v. Lee, 102 Ind. 125, 1 N.E. 290 (1885), the first mortgagee made the second mortgagee a party to the suit and subsequently bought the second mortgagee's interest. The mortgagee only foreclosed upon his first mortgage. As a party to the suit, the first mortgagee did not set up his interests under the second mortgage; therefore, the purchaser at the foreclosure sale was unaware of this additional encumbrance when he purchased the property in the amount due upon the senior mortgage. Gordon, 1 N.E. at 292.
In Wells v. Ordway, 108 Iowa 86, 78 N.W. 806 (1899), when the mortgagee foreclosed upon its first mortgage, the "court was neither asked to retain jurisdiction of the case in order that the subsequent mortgage might be foreclosed, nor was any mention made of them, either in the petition or in the decree granted by the court." 78 N.W. at 806. Since no notice was given to the purchaser regarding the second mortgage, the second mortgagee's right was extinguished.
In Dixon v. Eikenberry, 161 Ind. 311, 67 N.E. 915, 916
(1903), the court stated that if the purchaser "held any claim CT Page 3691 or lien in addition to that given him by his mortgage, it was his duty, as a party to the suit, to set it up" and that he "ought to have done so, in order that his rights as such lienholder might have been settled by the decree." The court's policy rationale was that a
 purchaser of the decree or of the land, upon a sale pursuant thereto, might otherwise be deceived and imposed upon; and there would seem to be good reason for holding that, by his failure to set up a claim held by him, the plaintiff in a suit to foreclose a mortgage . . . would be estopped to assert it, at. least against a purchaser of the decree without notice.
Dixon, 67 N.E. at 916. Thus, the court held that the mortgagee should have given notice of his tax lien when he foreclosed upon his mortgage. Id. at 918.
"A mortgage foreclosure is an equitable proceeding and the question of who is entitled to these funds must be resolved upon equitable principles." Gruss v. Curry, 132 Conn. 22, 26 (1945). "Upon a sale in foreclosure the lien of both mortgages will attach to the proceeds of the sale of the mortgaged property in the same order of priority as the original liens upon the property." Laventall v. Pomerantz, 188 N.E. 271, 272 (1933).
Based on the law and facts, the plaintiff's first and second mortgages should be paid prior to Defendant Sterling's third mortgage. Although the plaintiff asked for strict foreclosure upon his first mortgage, the court ordered foreclosure by sale. Prior to the sale Defendant Sterling was aware of the plaintiff's second mortgage as this was pled in paragraph four of the plaintiff's complaint. Case law dictates that the mortgages are paid in the same priority as the original liens upon the property. Equitable principles require that after the first mortgage is paid, junior encumbrances are paid in order of their priority.
Defendant Sterling's objection to the plaintiff's supplemental judgment is overruled, and the court orders the distribution of the sale proceeds according to the plaintiff's supplemental judgment on foreclosure by sale.
E. EUGENE SPEAR, JUDGE