NOVEMBER TERM, 1858, AT MOUNT VERNON.

21 17
122 527

21 17
30a 90

21 17
171 369

21 17
206 ¹488

---

STEPHEN R. ROWAN, Plaintiff in Error, *v.* JOSEPH BOWLES
and REBECCA BOWLES, his Wife, and ALEXANDER KIRK-
PATRICK and ELIZA J. KIRKPATRICK, his Wife, Defend-
ants in Error.

### ERROR TO GALLATIN.

The allegations and proofs in chancery must correspond; and however clear the evidence may make a case in favor of a complainant, unless the bill has proper averments, he cannot have a decree.

Where a bill against an administrator avers exhaustion of personal assets, and the proof shows a misapplication of those assets, although a liability exists, a decree cannot be granted for the misapplication, unless the allegations and prayer shall be amended.

Affirmative relief should not be granted to co-defendants who have not asked it, not being in a condition to ask or receive it.

THE decree in this case was entered at October term, 1857, of the Gallatin Circuit Court. The opinion of Mr. Justice Breese furnishes a statement of the case.

N. L. FREEMAN, for Plaintiff in Error.

W. THOMAS, for Defendants in Error.

BREESE, J. The facts in this case, briefly stated, show that Rebecca Bowles, the wife of one of the defendants in error, Joseph Bowles, was the only child of James Reid, deceased,

2

and Eliza J. Kirkpatrick, wife of A. Kirkpatrick, was his widow. That Alexander Reid, also deceased, was the administrator of James Reid, and guardian of Rebecca; and that Stephen R. Rowan was appointed administrator on the estate of Alexander Reid, and in virtue of Sec. 70, of Chap. 109, title " Wills," became the administrator *de bonis non* on the estate of James Reid.

Bowles and wife, and Kirkpatrick and wife, exhibited their bill in the Gallatin Circuit Court on the 3rd of March, 1844, against Rowan, as such administrator, for an account, in which they obtained a decree, on the 2nd of November, 1853, for $3,963.51, in favor of Bowles and wife, and for $651.26, in favor of Kirkpatrick and wife, with costs of suit, as their distributive shares, respectively, of the estate of James Reid.

This decree being unsatisfied, Bowles and wife, on the 27th April, 1854, filed their bill against Rowan as administrator of Alexander Reid, the heirs at law of said Reid, and Alexander Kirkpatrick and wife, praying to subject the real estate of said Reid to its payment, alleging a want' of personal assets with which to pay it.

A decree passed for the sale of the lands, and a commissioner was appointed to make the sale.

In this decree the court found that the personal estate was exhausted, and that Rowan, as administrator of Alexander Reid, had paid out $935.21 on claims in the *fourth* class, after he had notice of this claim of Bowles and wife, which was of the *third* class, the court reserving the question as to Rowan's liability to pay to them this amount, until it should be ascertained, from the commissioner's report, whether the proceeds of the sale would not be sufficient to pay their claim in full.

On the report of the commissioner coming in, it was found that the proceeds of the sale of the lands were insufficient to satisfy the decree. Thereupon Bowles and wife, by leave of the court, filed their petition, asking for a decree upon the question reserved, being Rowan's individual liability to pay over this amount of $935.21 out of his own estate. At a subsequent term, (October term, 1857,) the parties appeared, and were fully heard on the question. The court ordered and decreed that Rowan was liable to pay to Bowles and wife, and to Kirkpatrick and wife, their *pro rata* shares of the said sum of $935.21, with six per cent. interest from the 7th January, 1856, as having been improperly paid out by him as the administrator of Alexander Reid, deceased, on the claims in the fourth class, with knowledge of the existence of this third class claim, as found and declared by this decree; and the court ordered and decreed that Bowles and wife have and recover of Rowan,

$889, their *pro rata* of the aforesaid sum of $935.21, including the interest to the date of the decree, and that Kirkpatrick and wife have and recover of said Rowan the sum of $144, their *pro rata* of said sum, including interest, and their costs, and that they have execution therefor against the estate of Rowan, etc.

From this decree Rowan appealed to this court, and makes the objection that the finding in the decree of 2nd November, 1855, " that he had paid out $935.21 on fourth class claims, in his own wrong," is erroneous, insisting there is no allegation in the original bill of any such matter; and if there was, that there is no evidence to support the finding; and further, that the decree awards to Kirkpatrick and wife, who were co-defendants with him, Rowan, affirmative relief, when they were not in a condition in that suit to receive it, or to ask a decree against him.

It does not appear that this bill filed by Bowles and wife to subject the real estate of A. Reid to the payment of their decree was ever answered by Rowan or Kirkpatrick and wife. They made no resistance to it—the decree passed without objection from them. In the bill it is distinctly alleged, as ground for subjecting the lands to the payment of the decree, that there were no personal assets in the hands of Rowan to be applied to satisfy it, and Rowan does not deny it, nor is it denied. This is the whole case made by the complainants, and the only inquiry before the court, was the amount of the decree rendered in the suit for an account in 1853, and the existence of personal assets out of which to satisfy it.

The production of the decree established the first, and upon inquiring into the other fact it was made to appear that the assets really applicable to this decree had been exhausted by Rowan in the payment of claims of an inferior class, to the extent of $935.21. But this is no where alleged in the bill— it comes out incidentally. It has been decided in several cases by this court that a complainant must recover on the case made by his bill, and he cannot be permitted to state one case in the bill, and make out a different one in proof. The allegations and proof must correspond, mutually supporting each other. Although a good case may appear in the evidence, yet if it is variant from the one stated in the bill, the bill will be dismissed. *McKay* v. *Bissett et al.*, 5 Gilm. R. 505.

It is a settled principle in all cases that the allegations and proofs must correspond—that the latter must make out the former, and that a party will not be entitled to relief, although the evidence makes out a clear case in his favor, unless there are averments in the bill of the shape made by the evidence. *Morgan* v. *Smith et al.*, 11 Ill. R. 200. A party must stand or

fall by the case made by his bill. *White* v. *Morrison et al.*, ib. 366.

Now the case made by this bill is the exhaustion of the personal assets, the proof is that the administrator has misapplied $935.21 of those assets, and he is made individually responsible therefor. This would be all right, if the complainant had so charged in his bill, and had so prayed.

Again, affirmative relief is granted to Kirkpatrick and wife, who are co-defendants with Rowan, and a decree is passed in their favor without their asking for it, or being in a condition to ask for it, or to receive the relief accorded to them.

This is erroneous. The decree is reversed and the cause remanded, with leave to complainants to amend their bill.

*Decree reversed.*