HARVEY J. HART v. JOSEPH SUMMERS AND JUSTIN M. CAMPBELL.

*Assignment of right of action—Breach of contract to deliver—common and special counts.*

An assignment by one joint contractor to another, of his interest in a right of action on the contract, does not affect their joint liability.

A contract to deliver is broken by the sale to a third party of goods covered by it.

An action for breach will lie on a contract to deliver all the contractor's lumber, under a declaration specially averring that he had sold and delivered part of it to a third person, and that the

plaintiff had at all times been ready to comply with the contract; and a further averment of payment is not essential, since payment could not be demanded without delivery or readiness to deliver.

One who had contracted to deliver all his lumber, sold part of it to third persons. *Held* that recovery might be sought against him under common and special counts in the same declaration. The special count would lie for breach of contract or wrongful conversion or both, and the common counts for the conversion.

Error to Barry. Submitted Jan. 31. Decided Feb. 1.

TRESPASS ON THE CASE. Plaintiff brings error.

*Frank A. Hooker* for plaintiff in error, as to sufficiency of averment of breach of contract by non-delivery, cited *Kean v. Mitchell*, 13 Mich., 207; *Dickinson v. Dustin*, 21 Mich., 564; *Beebe v. Knapp*, 28 Mich., 53; *Van Middlesworth v. Van Middlesworth*, 32 Mich., 183.

*Isaac M. Crane* for defendants in error. Damages for failure to deliver goods under a contract can be recovered only under a special count. *Robertson v. Lynch*, 18 Johns., 451; *Norris v. Durham*, 9 Cow., 151; *Wetmore v. McDougall*, 32 Mich., 276.

CAMPBELL, C. J. Hart, as assignee of his associate and in his own right, under a contract made between defendants and himself and Oliver P. Richardson, sued for the failure of defendants to furnish lumber under a contract whereby they agreed, April 18, 1873, to deliver to Hart & Richardson all their black walnut lumber on cars at Grand Ledge, except a certain lot to be delivered at Eagle Station, and also all the cherry, white ash, and butternut lumber they had or might buy during that season. All except the walnut was to be piled in a way set forth, and "loaded wherever party of the second part wish, reasonable notice being given." The lumber was to be of certain specified qualities. Certain culls also were to be furnished and loaded.

The declaration sets forth the assignment sufficiently. It was urged by defendants that such a contract was not assignable, inasmuch as the duty to pay for the lumber rested on both contractors. But we see no difficulty in an assignment of the right, which could in no way change the contractor's liability jointly to pay.

The terms of payment were fixed at a certain sum per thousand feet, "payments to be made from time to time as heretofore."

The declaration contained special counts and also the common counts.

On the trial, for the first time, objection was made to the special counts as containing no cause of action; in not averring the precise terms of payment by usage; in averring no notice to load on the cars; in not averring that defendants owned or purchased any lumber not delivered; and generally that there was no breach set forth.

The declaration may have been defective on general demurrer, but it did aver positively that defendants had sold and delivered large quantities of the lumber to other parties, and it also avers a readiness at all times to comply with the contract.

As no payment could be demanded without delivery or readiness to deliver, and as plaintiff had a right to all the lumber owned or purchased by defendants, we think that no further averment concerning payment was essential. A sale to third parties made performance impossible, and no plainer breach could be averred.

The court below excluded all evidence under the special counts, which was error.

Under the common counts plaintiffs claimed to recover for lumber thus sold as wrongfully converted, and sought to recover the price or value on that basis. The court rejected this evidence also as inconsistent with their claim under the special count.

We know of no reason why a recovery could not be

sought on either basis, or why both sets of counts should not in such a case stand together.

It was held in *Whitcomb v. Whitney*, 24 Mich., 486, that under such a contract the title passed to the vendee when the property was completely set apart and identified. This would not excuse the contractor from making a further delivery by loading on the cars, which did not become necessary to pass the title, but was a separate service.

There was then a cause of action against defendants for disabling themselves from performing, which may have been for selling lumber not so far set apart as to pass title to plaintiff, as well as for selling what had already been passed. The special count would lie for either or both. The common counts would lie for that converted.

We think the court erred in both rulings. The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.