## EVELINE JOHNSON ET AL.

### v.

## FOREMAN & SELLERS.

PLEADING.—The allegations and proofs must correspond and the decree must conform to the prayer of the bill. The material facts on which the plaintiff relies must be so distinctly alleged as to put them in issue.

ERROR to the Circuit Court of Cass county; the Hon. C. EPLER, Judge, presiding. Opinion filed August 20, 1885.

Mr. J. S. WINTER, for plaintiff in error.

Messrs. MORRISON & WHITLOCK and Messrs. MILLS & McCLURE, for defendants in error.

CONGER, J. This suit was instituted by Foreman & Sellers, defendants in error, against Russell Sage and others, to enforce a mechanic's lien for material furnished, against the leasehold interest of said Sage in the Star Mills of Beardstown, Ill. John M. Johnson, the owner of the fee in the lots on which the mill stood, was made a defendant, and after his death his wife and heirs at law were substituted. The petition alleged that defendants in error, by verbal contract with Sage, furnished certain materials, fixtures and machinery for the purpose of altering and repairing said mill, and that they were so used and had not been paid for. A copy of the lease from Johnson to Sage was made an exhibit to the petition, but there was no averment that Johnson had any connection with the contract, or in any way had made himself or his interest in the premises liable to the lien. The prayer of the petition was that Sage be decreed to pay the amount due, and in default of such payment that all his rights, title and interest in said lots and mill be subjected to the lien of the petitioners, and be sold for the satisfaction thereof.

Upon a final hearing the circuit court decreed a lien against the entire property to the extent of $400, and ordered it sold

for the payment thereof. This decree is clearly erroneous in going entirely beyond the allegations and prayer of the petition. It is an elementary doctrine that the allegations and proofs must correspond, and that the decree must conform to the prayer of the bill; that however clear the evidence may make a case in favor of a complainant, unless the bill has proper averments he can not have a decree. Rowan v. Bowles et al., 21 Ill. 17; Kellogg v. Moore, 97 Ill. 282.

The material facts on which the plaintiff relies must be so distinctly alleged as to put them in issue. Handy v. Harding et al., 11 Wheat. 103.

It is insisted that the agreement of Johnson in the lease to furnish $400, together with his purchase of Sage's leasehold interest in the premises, makes Johnson's title and interest in the property liable to that extent. Without expressing any opinion upon the effect of such facts when properly pleaded and proven, it is sufficient to say they are not in the bill. If defendants in error desired to proceed upon the theory that Johnson had made his interest in the property liable to the lien, they should have alleged such facts as they relied upon with such clearness and distinctness as to put them directly in issue.

We think it our duty to allude to certain remarks in the brief of counsel for plaintiff in error in reference to the trial court. They were wholly uncalled for and highly improper. Such language, when used in the proceedings of courts of justice, whether emanating from bench or bar, never accomplishes good. We can not permit such action on the part of counsel to pass unnoticed, and we sincerely trust it will not be repeated.

For the reasons above given the decree of the circuit court must be reversed and the cause remanded, when defendants in error can take such action in the premises as they may be advised is proper.

Reversed and remanded.