## Matthias Griesbaum et al.
### v.
## William Baum.

1.  MORTGAGE ON SEPARATE PARCELS OF LAND.—Where a party who had a mortgage on certain land bought in two prior mortgages—one on the north half and the other on the south half of said land—upon a suit for strict foreclosure it was error for the court to decree the whole tract of land subject to the lien for the amount of all the notes secured by the three mortgages.

2.  SAME.—Where the amount found due by the decree of strict foreclosure was too great by $90, and complainant asked to be allowed to remit this excess under section 82 of the Practice Act, this court refuses to permit this to be done.

Griesbaum v. Baum.

3. STRICT FORECLOSURE.—Strict foreclosures are not favored in this State, and it is only in rare cases, where it appears the property is of less value than the debt for which it was mortgaged, and the mortgagor is insolvent, and the mortgagee is willing to take the property in full satisfaction of the debt and there are no other incumbrances on the property, that a strict foreclosure should be allowed.

ERROR to the Circuit Court of Edwards county; the Hon. C. C. BOGGS, Judge, presiding. Opinion filed April 15, 1886.

Mr. J. M. CAMPBELL, for plaintiff in error; as to when strict foreclosure will be warranted, cited Farrell v. Parlier, 50 Ill. 275; Miller v. Davis, 5 Bradwell, 475 ; Rourke v. Coulton, 4 Bradwell, 257.

The only proper way in this case was to have ordered a sale of the land separately: Blazey v. Delius, 74 Ill. 299.

Mr. EDWARD KERSHAW, for defendant in error; as to the remittitur of the excess of $90, cited Practice Act, Ch. 110, § 82 ; Mosely v. Schoonhoven, 12 Bradwell, 113 ; Thomlinson v. Earnshaw, 14 Bradwell, 593 ; Scheel v. Warner, 91 Ill. 472.

GREEN, J. Defendant in error filed his bill in chancery in the Circuit Court of Edwards county, in which bill he alleges that said Matthias Griesbaum borrowed of him on August 8, 1884, the sum of $1,900, and gave note therefor, payable to complainant in one year with interest from date at 8 per cent.; that to obtain this loan said Griesbaum told complainant that he owned certain real estate worth $2,500 in Edwards county in fee and unincumbered; that to ascertain the truth of these representations, complainant went with said Griesbaum to the recorder's office of Edwards county, and there inquired of the recorder whether there was any incumbrance upon said land, and was informed by recorder there was not; that relying upon the truth of these representations, complainant made said loan, upon condition that he was to receive a first mortgage to secure said note ; that said mortgage was thereupon executed and delivered to complainant by said Griesbaum, conveying the east half of the southeast quarter of

Sec. 30, T. 2, R. 14 in Edwards county ; that said representations of Griesbaum, on which he obtained the loan, were wholly false, and known to him to be so when made, and were so made to defraud complainant out of his money ; that at the same time there were two mortgages on said land duly recorded—one dated March 1, 1869, and the other February 1, 1870—the first on the *north half* thereof to secure a note for $800, and the second on the *south half* thereof to secure a note for $850, both mortgages executed, acknowledged and delivered by said Griesbaum to one Sam. P. Bowles ; that a suit was brought by the holder of these two last named mortgages to foreclose the same at the April term, 1885, of the Edwards County Circuit Court ; that there was due on said notes $2,328.92, and complainant, to protect his rights, was compelled to, and did, on March 28, 1885, purchase said notes and mortgages and pay therefor $2,328.92, and files the same as exhibits and part of his bill ; that $1,900 and interest from August 8, 1884, is due complainant on the note secured by mortgage given him, and $2,328.92 with interest from March 28, 1885, on the notes and mortgages so purchased ; that said Griesbaum is insolvent and unable to redeem, and the mortgaged premises are meager and scant security for the money due the complainant and costs of suit. Mattie Griesbaum, who, it is alleged, married Matthias after the execution of notes and mortgages, is made party defendant, each duly served with process defaulted, and the bill taken for confessed; thereupon, the court below, by its decree, found the allegations in the bill to be true; that the sum of $4,-578.92 is due complainant on the notes secured by said mortgages; that Griesbaum is wholly insolvent and unable to redeem the mortgaged premises; that said premises are worth $2,500 only, and upon such finding the court proceeds in said decree to order said Griesbaum to pay complainant $4,578.92 within ninety days from date of decree with lawful interest thereon from said date, and costs; that in default in such payments by defendants by that time, they be barred and foreclosed from all equity of redemption and claim in and to said mortgaged premises, and that complainant, in whom the legal

Griesbaum v. Baum.

title to said premises is vested, or his legal representatives and assigns, be let into the possession thereof on production of a certified copy of decree to any person in possession; to reverse this decree this writ of error was sued out.

Of the errors assigned on this record, three, at least, are well assigned, viz. :

The amount of mortgage debt found due by the court at date of decree is too large.

The decree burdens portions of the mortgaged premises with a debt which is not a lien thereon.

The court erred in decreeing a strict foreclosure. Counsel for defendant in error admits the amount found due by the decree to be too great by $90 ; but asks that he be allowed to remit this excess under Sec. 82 of our Practice Act. This we decline to do. By the terms of this decree, in order to redeem this land mortgaged, the mortgagor must pay to complainant within ninety days from date of decree, not only the whole of the mortgage debt and interest due, but also an additional sum of $90 *which he does not owe* complainant, and in default of such payment at the expiration of ninety days shall be dispossessed. This condition, to be performed by mortgagor to prevent such dispossession, the court had no right to impose, and a failure to comply with it cannot be permitted to affect injuriously the mortgagor's rights, and these rights, so far as redemption is concerned, by allowing this unjust excess to be remitted and the decree so amended to stand, would be entirely cut off. The court below erred also in decreeing the whole of the eighty-acre tract of land subject to the lien, for the amount of all the notes secured by the three mortgages. The mortgage securing the note for $800, dated March 1, 1869, was upon the north half of that eighty acres, and was not a lien upon the south half thereof, nor was the mortgage upon said south half securing the note for $850, dated February 1, 1870, a lien upon the north half of said eighty acres, by the purchase of these two notes and mortgages as alleged. Complainant below became subrogated to the holder thereof, from whom he purchased, and thereby acquired no rights and remedies different

or greater than such holder had, in respect of the said mortgages and the indebtedness thereby secured. Had this been a case even in which a decree for strict foreclosure would be proper, the defendants should by such decree have been permitted to redeem the north half of said eighty acres by the payment of the amount of note and interest secured by the mortgage thereon, together with the proportionate share of the principal and interest of the note secured by the mortgage upon the whole eighty, and defendants should also have been so permitted to redeem the south half thereof by the payment of the amount of the note and interest secured by the mortgage upon said south half, together with the proportionate share of the principal and interest of the note secured by the mortgage upon the whole eighty. The right to such redemption of each forty-acre tract could not be barred by a decree in equity.

We also hold it error in the court below to have rendered a decree for strict foreclosure in this case. It nowhere appears that the mortgagee is or was willing to take the mortgaged premises in satisfaction of the mortgage debt, or that there were no other creditors of the mortgagor. One essential element to justify a decree for strict foreclosure in this State is, that the mortgagee is willing to take the mortgaged premises in satisfaction of the whole debt. In Farrell et al. v. Parlier, 50 Ill. 275, Justice Walker says: "and this court has repeatedy held that in cases of an irredeemable sale of real estate, not less than ninety days should be given, and when the sum is large a longer period. In our State and in view of our statute, it is only in strong cases, which form exceptions, that there should be decreed strict foreclosure, or a sale without redemption. It may be in rare cases, when it appears the property is of less value than the debt for which it is mortgaged, and the mortgagor is insolvent, and the mortgagee is willing to take the property in discharge of the debt, that a str'ct foreclosure may be allowed."

In Boyer v. Boyer, 89 Ill. 449, the same rule is adopted, and Farrell et al. v. Parlier, cited and approved.

In Miller v. Davis, 5 Bradwell, 474, it is said: " Strict fore-

Griesbaum v. Baum.

closures are not favored in this State, and it is only in rare cases, when it appears the property is of less value than the debt for which it was mortgaged, and the mortgagor is insolvent, and the mortgagee is willing to take the property in full satisfaction of the debt, and there are no other incumbrances on the property, that a strict foreclosure should be allowed." In the case just cited, the complainant had recovered a judgment at law against mortgagor for amount of one mortgage note, and filed his bill to foreclose mortgage for balance of mortgage debt. The court below found that balance to be $2,258, the value of property to be $1,600, and that mortgagee was willing to take it at that amount as so much payment, but decreed that mortgagee be let in possession of the premises, and also recover of mortgagor $658, difference between value of property and amount of balance found due. The appellate court say this decree for strict foreclosure might be maintained if complainant would *satisfy* the judgment at law and take the mortgaged property in *satisfaction* of the debt but not otherwise." Murphy v. Stith, 5 Bradwell, 562 ; Greenemeyer v. Deppe, 6 Bradwell, 490 ; Hollis v. Smith, 9 Bradwell, 109, all follow and adopt the ruling of our Supreme Court in the cases cited in this opinion. That such rule is wise and equitable can not be denied, and it is in harmony with the legislation upon the subject of mortgages in this State, such legislation being, as it is, adverse to irredeemable sales of mortgaged premises.

For the error above mentioned the decree of the court below is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*