Brown v. Kennicott.

### DELPHIA K. BROWN
### v.
### CAROLINE KENNICOTT ET AL.

30  89
68  635
30  89
79  375

*Trust Deeds—Foreclosure—Consolidation of Causes—Practice.*

1.  Suits to foreclose trust deeds executed by the same parties may be consolidated, although they cover different premises and the trustees are different persons.

2.  After such suits have been consolidated, it is improper to consolidate the debts and direct the sale of the premises conveyed by both deeds to pay the entire amount.

3.  Where a bill to foreclose a trust deed contains no allegation of facts making the wife of the grantor personally liable for the debts secured, it is improper to render a decree against her for the deficiency, even though the evidence shows such personal liability.

[Opinion filed January 16, 1889.]

IN ERROR to the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. M. & H. N. CULVER, for plaintiff in error.

Mr. JOHN C. RICHBERG, for defendants in error.

GARY, J.  This was originally two cases in the Circuit Court, in which Mrs. Kennicott was the complainant.  The bills were filed to foreclose two trust deeds, made by Ira Brown and his wife, the plaintiff in error, each to secure the payment of a separate note of Ira Brown, and in which there were different trustees.  Each bill alleged that the plaintiff in error had, or claimed some interest in the premises, but stated nothing showing any personal liability by her to pay the debts.

The court ordered "that said cause be consolidated and tried and treated hereafter as one case."  As the trustees were only nominal parties, having no beneficial interest, the

plaintiff in error had no reason to complain of this order. It did her no injury. Stearns v. Cope, 109 Ill. 340; Aulger v. Clay, 109 Ill. 487. But the decree consolidated the debts, and directs that the premises described in both deeds be sold for the payment of the whole, and that if the moneys from the sale should be insufficient to pay the amount, Ira Brown and the plaintiff in error pay Mrs. Kennicott the amount of the deficiency, and that she have execution therefor.

This decree does not give relief upon the contract of the parties, but makes a new one. The debt secured by one trust deed was no incumbrance upon the premises described in the other. It is easy to imagine that if each parcel had been subjected only to its own burden it might have been in the power of the owners of the equity to have made negotiations for their relief, which the accumulated load would prevent. Blazey v. Delius, 74 Ill. 299; Griesbaum v. Baum, 18 Ill. App. 614. And as the bills contained no allegations of facts which would make the plaintiff in error personally liable for the debts, a decree against her for the deficiency was not warranted under the general prayer, even though the evidence did show such personal liability. Rowan v. Bowles, 21 Ill. 17; Kellogg v. Moore, 97 Ill. 282; Johnson v. Foreman, 16 Ill. App. 632. The decree is reversed and the cause remanded.

*Reversed and remanded.*

On motion of defendants in error, the opinion heretofore filed is added to as follows: The record shows that in the master's report the amount due on each incumbrance is separately stated, so that the *data* is in the record upon which to base a correct decree. The case is therefore remanded, with directions to the Circuit Court to enter a decree with separate clauses for the sale of the premises included in the respective trust deeds, to satisfy the amounts due upon them respectively, and without any personal decree for the deficiency against the plaintiff in error.