68   632
79   375

Michael B. Bailey, Matilda Bailey, Nellie Bailey, Margaret Bailey, Mary E. Moran, Catherine Kelly and Harry L. Bailey v. Hetty H. R. Green and Hetty S. A. H. Green.

1.  FORECLOSURE—*Different Mortgages on Different Premises—Decrees.*—A decree upon a bill to foreclose a trust deed upon certain premises, and a cross-bill to foreclose a junior mortgage upon the same

and other premises, which orders the sale of the property covered by such mortgages unless there is paid the amount due upon each, is erroneous.

**Foreclosure** of trust deed.    Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding.    Heard in this court at the October term, 1896.    Reversed and remanded, with directions.    Opinion filed February 9, 1897.

## Statement of the Case.

This was an action brought by appellee Hetty H. R. Green against appellants and others (including the appellee Hetty S. A. H. Green), to foreclose a trust deed upon lot 32 in John Johnson, Jr's, subdivision of block 4 in Vernon Park addition to Chicago, given to secure a note for $5,500, dated May 9, 1885, payable five years after date, executed by appellant Michael B. Bailey and Ellen Bailey, his wife.    Hetty S. A. H. Green, on August 29, 1895, filed a cross-bill to foreclose a junior trust deed upon said lot 32, and also lots 74 and 75 in Macalester's resubdivision of block 49, in Canal Trustees' subdivision, given to secure a note for $1,500 dated January 2, 1891, payable five years after date to Hetty H. R. Green, in trust for Hetty S. A. H. Green, executed by said Michael B. and Ellen Bailey, Ellen being the owner of all of said premises.

Answers having been filed and issue joined, the cause was referred to a master, who took testimony and reported that the complainant and cross-complainant were respectively entitled to the relief by them respectively prayed. Exceptions to the report were overruled by the court, and it found that there was due cross-complainant $2,497.70, subject to a lien of Hetty H. R. Green for $8,307.17 on the premises described in her bill of complaint; that said Ellen Bailey died testate, November 30, 1892, and letters testamentary were issued on her estate to said Michael B. Bailey; that Michael B. Bailey signed said principal and interest notes, and the trust deeds securing same, individually, and is liable for amounts due to complainant and cross-complainant; and ordered that if defendants, or some of them, did

not pay to the complainant Hetty H. R. Green, within two days from date of decree, said sum of $8,307.17, and to the cross-complainant Hetty S. A. H. Green, said sum of $2,-497.70, with lawful interest from the date of the decree until paid, and costs of this suit, the premises described in the bill of complaint and in the master's report, to wit, lot 32, in John Johnson, Jr.'s, subdivision of block 4, in Vernon Park addition to Chicago, also the premises described in said cross-bill to wit: Lots 74 and 75 in Macalester's resubdivision of block 49 of the west half of the west half of the northeast quarter of section 17, township 39 north, range 14 east of the third principal meridian, or so much thereof as may be sufficient to pay amounts due complainant and cross-complainant, and costs, be sold at public auction by Edward A. Dicker, master; that out of the proceeds of sale, the master pay to the complainant Hetty H. R. Green the amount found due under the decree to her if, after paying costs, etc., the remaining proceeds are sufficient, and apply the remainder in satisfaction of amount due cross-complainant, and report the deficiency, if any, and bring the surplus, if any, into court; and it was further ordered that Michael B. Bailey, executor, pay any such deficiency, in due course of administration, and that execution issue against said Michael B. Bailey individually therefor.

CHYTRAUS & DENEEN and WM. S. YOUNG, attorneys for appellants.

WILLIAM B. CUNNINGHAM and BATES & HARDING, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The decree is erroneous, in that it orders the sale of the property covered by each mortgage unless there is paid the amount due upon each. The decree should have ordered a sale, first, of lot 32, unless there were paid to Hetty H. R. Green the amount due upon her mortgage, and ordered a

separate sale of lot 32 and lots 74 and 75, unless there were paid to Hetty S. A. H. Green the amount due upon her mortgage.

The court should also have equitably apportioned the amount of costs and fees properly taxable and chargeable between the several properties; a certain proportion thereof to be paid, or said lot 32 would be sold upon the decree upon the mortgage belonging to Hetty H. R. Green, and a certain proportion thereof to be paid, or said lot 32 and lots 74 and 75 would be sold upon the decree upon the mortgage belonging to Hetty S. A. H. Green. If the proceeds of the first sale of lot 32 more than discharged the claim of Hetty H. R. Green, the surplus should be applied in reduction of the amount due Hetty S. A. H. Green. Brown v. Kennicott, 30 Ill. App. 89.

We find no other error.

The decree of the Circuit Court is reversed, and the cause remanded, with directions to enter a decree in accordance with the opinion of this court.

Reversed and remanded, with directions.