### Orrin H. Knight et al. v. Napoleon B. Heafer.

1. Chancery Practice—*Foreclosure of Several Mortgages in One Suit.*—Where several mortgages upon separate parcels of land are foreclosed together, the decree must find the amount due upon each, and not the aggregate amount secured by all.

2. Same—*Allowance of Attorney Fees, etc.*—It is error to allow attorney fees in a foreclosure suit unless there is some averment or prayer in the bill concerning it. If the mortgage makes provision for an attorney's fee in the event of a foreclosure, and the bill makes the mortgage or a copy of it a part of the bill, the prayer for an accounting, to ascertain the amount due, will justify the taking of proof as to such fee and allowance of it in the decree.

3. Same—*Copies Filed, When Not a Part of the Bill.*—A copy of a mortgage filed after the master has taken proofs, is filed too late to be considered as part of the bill.

Mortgage Foreclosure.—Trial in the Circuit Court of McLean County; the Hon. Colostin D. Myers, Judge, presiding. Decree for complainant; error by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed December 2, 1898.

Livingston & Bach, attorneys for plaintiffs in error.

F. Y. Hamilton, attorney for defendant in error.

Mr. Justice Harker delivered the opinion of the court.

This was a suit in chancery to foreclose two mortgages, one on an undivided three-sevenths of a certain tract of land in McLean county, executed by Orrin H. Knight and Elizabeth Knight, to secure a note for $1,500, and the other on an undivided four-sevenths of the same land, executed by Orrin H. Knight, Elizabeth Knight and Eva L. Knight, to secure a note for $2,000. The first mortgage provided for

an attorney fee not to exceed $100 in the event of a suit to foreclose, and the second for an attorney fee not to exceed $150 in the event of suit to foreclose. The bill sets up no specific claim for attorney fee, however. No answer being filed, a decree *pro confesso* was entered and the cause was referred to the master for proofs and findings. The master took proofs and reported the same, and the court then rendered a decree foreclosing all interest of the three plaintiffs in error in the undivided four-sevenths of the land, finding the amount due on the entire indebtedness to be $3,982.85, and providing for its payment within twenty days.

The decree is erroneous in that it consolidates the indebtedness on the two mortgages, and provides for the sale of the four-sevenths of the land when but three-sevenths of it was covered by the first mortgage. It does not give relief upon the contract of the parties. Jones on Mortgages, Vol. 2, Sec. 1590; Blazey et al. v. Delius et al., 74 Ill. 299; Brown v. Kennicott et al., 30 Ill. App. 89; Bailey v. Greene et al., 68 Ill. App. 632.

It is error to allow attorney fees in a foreclosure suit unless there is some averment or prayer in the bill concerning it. If the mortgage makes provision for an attorney fee in the event of foreclosure, and the bill makes the mortgage or a copy of it a part of the bill, then the prayer for an accounting to ascertain the amount due would justify the taking of proof as to such fee and allowing it in the decree. In this case the bill recites that copies of the mortgages are filed with the bill and made part of it, and if it appeared from the record that the recital was true, the court was justified in allowing the $200 attorney fee complained of by plaintiffs in error. But an inspection of the transcript before us does not show that copies of the mortgagees were filed with the bill. The transcript shows that neither copies nor originals were filed until after the master had taken proofs. It is clear that copies filed at that late day could not be considered as part of the bill, and there was nothing in the bill to justify the hearing of proof on the

matter. The decree was therefore erroneous in allowing attorney fee for $200.

The decree will be reversed, with directions to the Circuit Court to allow the complainant to amend his bill, if desired, to restate the account, find the amount due on each mortgage separately, and order separate sales. Reversed and remanded with directions.