Crowe v. Kennedy.

---

### Louise Crowe et al. v. Grace Kennedy et al.

#### Gen. No. 12,460.

1. FINAL DECREE—*what is, in partition proceeding.* A decree in a partition proceeding which fixes the rights and interests of the respective parties, is final and appealable.

2. PARTITION—*what questions cannot be raised in appeal under.* Where the order which fixes the rights and interests of the respective parties is not appealed from, all questions which might be decided by virtue of an appeal from such order, become *res judicata.*

3. SOLICITOR'S FEES—*what essential to allowance of.* In order that solicitor's fees may be allowed under the provisions of a trust deed, a claim therefor by appropriate allegation must be made either in the bill filed or in the answer interposed, as the case may be.

Partition proceeding. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed May 29, 1906.

JAMES R. WARD, for appellants; ANDREW J. CORCORAN, guardian *ad litem*, etc.

C. A. COOLIDGE, E. F. COMSTOCK and EDWIN ST. JOHN, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

This is a suit in equity begun February 24, 1904, for the partition of certain real estate of which Michael Crowe died seized January 19, 1887, and the question in the case is, whether appellee, Grace Kennedy, has a valid subsisting lien on one portion of said real estate, viz.: lot 3 and the north ten feet of lot 4 in block 12 in Ogden's Addition to Chicago, under a trust deed executed by said Michael Crowe and wife July 26, and recorded July 29, 1886, to secure his note for $4000, payable to his own order three years after date, with interest at six per cent., indorsed by him and held and owned by Grace Kennedy, or whether the right to enforce the lien of said trust deed was barred by the Statute of Limitations.

Michael Crowe died seized of three parcels of real estate, viz: said lot 3 and part of lot 4 in Ogden's Addition; lot 5, block 126, School Section Addition; and lots 22 and 23, block 14, in Bickerdike's Addition. By his will made January 3, 1887, he devised said lot 5 in the School Section Addition to his wife in lieu of dower, and bequeathed and devised the remainder of his estate, real and personal, subject to encumbrances outstanding thereon at the time of his death, to his wife, "In trust, nevertheless, for the following purposes and uses, to wit, that the income of my said estate, both real and personal, shall be payable to my said wife, as such trustee, to be used by her for the support of herself and my said children, and that the inheritance and accumulated capital of said estate upon the arrival of my then youngest living child at the age of twenty-one years shall be equally divided among my said children who shall then be living, share and share alike, as tenants in common of my said estate, the survivors of them taking in equal parts, or, if but one, then such one or only child taking the whole of my estate.

But it is my wish that until the arrival at the age of

twenty-one (21) years of my then youngest living child my beloved wife, as such trustee, shall have the express power to lease, control, manage and regulate my said estate as in her opinion is most prudent, and shall have power to advance such proportion of the presumptive share to each child as he or she comes of age, or thereafter as to my said wife seems most advisable."

The youngest child of Michael Crowe became of age in August, 1903. The bill was filed by the widow of Michael Crowe, personally and as trustee, and all of his children then living except his daughter Maria E. Crowe, who was insane, against said Maria E. Crowe, Grace Kennedy and the trustee and successor in trust in said trust deed of July 26, 1886, for the partition of the land therein described and of said lots in Bickerdike's Addition.

The defendants other than Maria E. Crowe filed their answer setting up said trust deed, averred that the interest on the note thereby secured had been paid to January 26, 1904, and that the same was a valid lien on the real estate therein described.

By an amendment to the bill filed March 29, 1904, complainants alleged that said note and trust deed claimed to be held by the defendant Grace Kennedy long before the commencement of the suit, "had become due, paid and the right to enforce the same in law or equity barred by the Statute of Limitations."

Appellees filed their answer to the bill as amended, repeating the allegations of their former answer as to the trust deed, note and the payment of interest thereon to January 26, 1904, averring that by reason of such payment of interest said note and trust deed had continued to be and then were in full force and effect, and denying that the right to enforce the same was barred by the Statute of Limitations. Upon the bill as amended, the answers above mentioned, the answer of the guardian *ad litem* of Maria E. Crowe and replications thereto, the case was heard. It was referred to a master to take and report the proofs, together with his conclusions as to the law and the facts.

The evidence taken by the master shows that the interest on said note was paid to January 26, 1904, by John V. and Albert J. Crowe, sons of said Michael Crowe, deceased, who from the time of the death of their father received the rents of the real estate of which their father died seized, paid the taxes thereon, and supported his widow and her family.

The master found that such payments of interest were made by said John V. and Albert J. Crowe, "without the knowledge and authority of Maria Crowe, trustee, and the other heirs of said deceased;" that such payments were not binding upon said trustee and the other heirs at law, and that therefore the right to enforce the lien of said note and trust deed was barred by the Statute of Limitations.

Appellees filed objections to that part of said report above set forth which were overruled by the master and they were ordered to stand as exceptions in the Superior Court. Upon the hearing in that court said exceptions were sustained and a decree entered March 6, 1905, in and by which it was adjudged and decreed that the five children of said Michael Crowe who were complainants in the bill, and the defendant Maria E. Crowe, each had title in fee simple to one-sixth part of the real estate described in the bill; that partition thereof ought to be made, etc., "subject to the lien or claim of the defendant Grace Kennedy in said premises, or any part thereof; that the exceptions of the defendant Grace Kennedy to the master's conclusions of law and fact be sustained," and it was "further decreed by the court that said note and trust deed constitute and are a valid subsisting first lien upon the said lot 3 and the north ten feet of lot 4 in Ogden's Addition to Chicago, Cook County, Illinois, last aforesaid described."

From this decree no appeal was prayed.

The decree appointed commissioners who reported that partition of the real estate could not be made, and appraising the same. March 20, a decretal order of sale was entered, by which the master was ordered to sell all of said real estate free of liens, etc. This order again finds that

Grace Kennedy had a valid lien on said lot 3 and north ten feet of lot 4 in Ogden's Addition, and that there was due her on said note and trust deed $4,274, and ordering that the premises in said trust deed described be sold discharged of said lien, and that the master out of the proceeds of the sale thereof pay Grace Kennedy the amount by the decree found to be due her. This order of March 20 concludes with the following prayer for an appeal: "To the foregoing paragraph of said order relating to the amounts due Grace Kennedy and the lien thereof, and right thereto, and the order requiring the master to pay to her the same out of the proceeds of said sale, the complainants and defendant Maria E. Crowe by her guardian *ad litem* object and pray an appeal to the Appellate Court," etc., and this is the only prayer for an appeal in the record. The recitals in the appeal bond correspond with and are confined to the matters stated in the prayer for an appeal.

The decree of March 6 was a final decree. The statute, R. S., sec. 25, chap. 106, provides that upon the hearing in partition proceedings, "the court shall ascertain and declare the rights, titles and interest of all the parties to such suit, the petitioners as well as the defendants, and shall give judgment according to the rights of the parties."

Such a decree is final and appealable. The further proceedings, the confirmation of the report of the commissioners, order of sale and order for the distribution of the proceeds of such sale, were but in execution of the decree of March 6. The entire merits of the controversy between the widow and children of Michael Crowe on the one part and Grace Kennedy were fixed and determined by that decree, and this appeal does not bring before us for review the decree of March 6 or the matters therein and thereby adjudicated and declared, but only the decretal order of March 20, from which the appeal was prayed and perfected. Jackson v. Jackson, 144 Ill. 274; Ames v. Ames, 148 ib. 321; Allison v. Drake, 145 ib. 500; Shepherd v. Rice, 38 Mich. 399; Hunt v. Hunt, 109 ib. 399.

Appellants' assignments of error except 4 and 5 relate to

the decree of March 6 and cannot be considered. Assignment 4 is that the court erred in finding, "that the said note for $4,000 and the trust deed securing the same, heretofore introduced in evidence on behalf of the defendant, Grace Kennedy, the owner of said note and trust deed, constitute a valid first lien upon the said lot 3 and the north ten feet of lot 4, in block 12 in Ogden's Addition to Chicago, Cook County, Illinois, and that there is now due on the said trust deed and note the sum of $4,274." So much of this assignment as seeks to question the finding as to the validity of the lien therein referred to cannot be considered, because that question was finally adjudicated and declared by the decree of March 6, from which no appeal was taken. So far as it relates to the finding of the amount due it is without merit. The interest was paid on the Kennedy note up to January 26, 1904; the interest from that date to March 20, 1905, amounts to $274 and the finding that the amount then due was $4,274 was not erroneous.

Assignment 5 calls in question that part of the order of March 20 which directs the master to sell the land described in said trust deed, and "pay the defendant Grace Kennedy out of the proceeds of such sale the amount so found due her on the said mortgage indebtedness." In this there was no error. Spencer v. Wiley, 149 Ill. 59.

The trust deed in question provides that in case of the foreclosure thereof in any court, or of any other suit wherein the trustee or successor in trust therein, or the holder of the note thereby secured shall be made a party by reason of said deed, the reasonable fees and charges of the attorneys and solicitors of the persons so made parties, for services in such suit or proceeding, shall be a further lien upon said premises and be paid out of the proceeds of the sale thereof as other costs.

Appellees gave evidence tending to show the usual fees charged by solicitors for such services as were rendered by the solicitors of appellees, but no solicitor's fees were allowed and appellees by a cross-error seek to call in question this ruling.

Crowe v. Kennedy.

In the brief of appellees it is said: "A cross-bill was filed by defendant Grace Kennedy after the report of the master, but no evidence was taken under it and no decree rendered upon it, the defendant electing to rely upon her answers." The trust deed is not set out in the bill or in the answers of appellees, nor is there in either the bill or in said answers any reference to the provisions in the trust deed relating to solicitor's fees.

It is error to order solicitor's fees in a foreclosure suit unless there is some averment or prayer in the bill relating to or claiming such fees. Adams v. Payson, 11 Ill. 27; Knight v. Heafer, 79 Ill. App. 374.

The same rule is applicable, we think, where a trust deed is set up in an answer and there is no claim therein to such fees nor reference to the provision in the trust deed authorizing their allowance.

The decree of the Superior Court will be affirmed.

*Affirmed.*

# CASES

DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1906.