Frank M. McKey, Defendant in Error, vs. Fred Smith
et al. Plaintiffs in Error.

*Opinion filed October 26, 1912.*

1. Bankruptcy—*conveyances are valid except as against cred-
itors having allowed claims.* Conveyances which may be set aside
because they are constructively fraudulent as to creditors are valid
between the parties, and under the Bankruptcy act are valid against
all persons except creditors whose claims have been allowed un-
der the act.

2. Same—*trustee's right to set aside a conveyance is not per-
sonal.* The right of the trustee in bankruptcy to maintain a bill
to set aside a conveyance of property by the bankrupt depends
upon whether the property is needed to pay creditors whose claims
have been allowed, and unless that fact appears from the allega-
tions and proof the trustee cannot have the conveyance set aside.

3. Same—*when validity of a conveyance depends upon the mo-
tive of the grantor.* Where the grantee of a bankrupt is a volun-
teer, the validity of the transfer does not depend upon whether
the grantee had knowledge of the grantor's insolvency but upon
the motive of the grantor.

Writ of Error to the Superior Court of Cook county;
the Hon. Charles A. McDonald, Judge, presiding.

Kruse & Peden, and R. C. Merrick, for plaintiffs in
error.

John C. Farwell, for defendant in error.

Mr. Chief Justice Dunn delivered the opinion of the
court:

This writ of error is prosecuted to reverse a decree
setting aside a deed from Fred Smith to his brother, Her-
man, and another from the latter to Fred Smith's wife,
rendered by the superior court of Cook county in a suit
brought by Frank M. McKey, as trustee in bankruptcy of
Fred Smith.

255 — 30

The bill alleged that the complainant was elected trustee in bankruptcy of Fred Smith on February 23, 1910, that his bond as such trustee was approved on March 3, 1910, and that Fred Smith was adjudged a bankrupt on June 3, 1910. The answer neither admitted nor denied that the complainant was such trustee but called for strict proof of such fact. No proof of it appears in the record. The complainant introduced in evidence an order of Frank L. Wean, referee in bankruptcy, entitled, "In the matter of Fred Smith, individually and as co-partner of the firm of Brown & Smith, bankrupt," reciting that "Frank M. McKey, the trustee herein, be and he hereby is given leave to institute suit against said Fred E. Smith, and any person or persons holding under him, in the superior court of Cook county, Illinois, for the purpose of setting aside a certain conveyance of real estate made by said Fred E. Smith," etc. This order was unnecessary to the maintenance of the suit. In any event it was no evidence of the complainant's election and qualification as trustee. There was a record of these acts if they existed, but no such record was introduced.

The bill was filed under subdivision (*e*) of section 70 of the Bankruptcy act, which provides that "the trustee may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided," etc. It alleges that the conveyance by Fred Smith was made on December 11, 1909, but it does not allege that he was then or at any time insolvent; that he had not other property amply sufficient to pay all his debts, or that he owed any debts either then or at any other time; that any claims had been allowed against his estate in bankruptcy, or that any unpaid debts existed at the time the bill was filed. The bill is insufficient to support a decree, because, while it contains a general allegation that the conveyance was made for the purpose of defrauding the creditors of Fred Smith, no facts are stated on which the conclusion so alleged can rest.

There was neither allegation nor proof that any claims of creditors had been allowed in the bankruptcy proceedings. In ordinary bills of this character it is essential to the maintenance of the suit that the complainant shall have reduced his claim to judgment. No such requirement exists where a trustee in bankruptcy brings such a suit under the Bankruptcy act, but it is essential that he show by his bill that the assets are insufficient to satisfy the claims of creditors. The trustee can only apply the assets upon allowed claims. If the assets in his hands are sufficient to pay such claims, there is no reason for the exercise of the equitable jurisdiction to set aside, as fraudulent, conveyances of property to third persons. Conveyances which may be set aside because they are constructively fraudulent as to creditors are valid between the parties, and under the Bankruptcy act are valid against all persons except those entitled to share in the proceeds of such property,—that is, creditors whose claims have been allowed under the act. Unless it appears from the allegations and proof that the property so conveyed is needed to pay such claims, the trustee, whose rights are not superior to those of the creditors he represents, has no right to have such conveyances set aside. *Crary* v. *Kurtz,* 132 Iowa, 105; *Leavengood* v. *McGee,* 50 Ore. 233; *Mueller* v. *Bruss,* 112 Wis. 406.

It is insisted that there is no proof that the defendants, other than Fred Smith, had any notice of his insolvency or had any fraudulent intent. They were volunteers and their knowledge and motive were immaterial. In such case it is the motive of the grantor, and not the knowledge of the grantee, which determines the validity of the transfer. *Marmon* v. *Harwood,* 124 Ill. 104.

The decree will be reversed and the cause remanded for further proceedings. Leave should be granted to the complainant to amend the bill if he should desire to do so.

*Reversed and remanded.*