WALTER BREWER, Trustee, etc., Appellee, *vs.* MARY E. BROWN *et al.* Appellants.

*Opinion filed June 24, 1915.*

1. BANKRUPTCY—*trustee not required to wait until formal allowance of claims before filing bill to set aside deeds.* If a bankrupt has scheduled claims and no assets to pay them and the claims have been proved, the trustee in bankruptcy may maintain a bill to set aside deeds made by the bankrupt to defraud creditors, and it is not necessary that the claims be reduced to judgment or be formally allowed. (*McKey* v. *Smith,* 255 Ill. 465, explained.)

2. EQUITY—*court cannot order conveyance of land, not mentioned in bill.* The fact that the law vests a trustee in bankruptcy with title to the real estate of the bankrupt does not authorize the court, upon a bill by the trustee to set aside specific conveyances as in fraud of creditors, to direct the conveyance to the trustee of land not mentioned in the bill nor included in the relief prayed.

3. SAME—*when a decree should direct conveyance subject to life estate of widow.* A decree setting aside, at the suit of a trustee in bankruptcy, certain conveyances made by the bankrupt in fraud of creditors is erroneous, where it directs a re-conveyance of the land without regard to the life estate of the bankrupt's mother,

which she had held for many years under a valid parol agreement establishing the limits of her homestead and dower interests.

4. REAL PROPERTY—*the limits of homestead and dower interests may be fixed by parol.* The estates of homestead and dower are fixed by law and not by contract, but it is lawful for the heirs to make a parol agreement with the widow that she may retain possession of the farm for life as and for her homestead and dower interests.

APPEAL from the Circuit Court of Cumberland county; the Hon. W. B. SCHOLFIELD, Judge, presiding.

EMERY ANDREWS, and RAYMOND G. REAL, (CHARLES M. CONNER, of counsel,) for appellants.

LEVI N. & WALTER BREWER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On December 27, 1912, Nannie E. Lacy filed a voluntary petition in bankruptcy in the United States district court for the eastern district of Illinois, scheduling liabilities amounting to $4375 and no assets, and on January 21, 1913, Walter Brewer, the appellee, was appointed trustee. On May 22, 1913, the appellee filed his bill of complaint in this case in the circuit court of Cumberland county against the appellants, Mary E. Brown, H. W. Brown and Nannie E. Lacy, asking the court to set aside two deeds made by Nannie E. Lacy and N. J. Lacy, her husband, on May 18, 1912,—one to Mary E. Brown, mother of Nannie E. Lacy, and the other to H. W. Brown, her brother,—as being in fraud of creditors. Nannie E. Lacy answered, alleging that the lands described in the bill, containing about 154 acres, were owned by her father, O. W. Brown, who died intestate on September 18, 1888, leaving her mother, Mary E. Brown, his widow, and the defendants H. W. Brown and said Nannie E. Lacy and two other children, his only heirs-at-law; that shortly after his death the said heirs-at-law

agreed with their mother, Mary E. Brown, that she should retain all the premises for life as and for her homestead and dower; that said Mary E. Brown had occupied the premises ever since by virtue of that agreement; that the defendant H. W. Brown, about December 26, 1889, deeded to said Nannie E. Lacy his entire interest in the lands, subject to the life estate of his mother, to secure a loan of $400 and for other valuable considerations received from her; that her said brother afterward paid the indebtedness and she re-conveyed the premises to him; that she became indebted to her mother, Mary E. Brown, to about the amount of $1500 and made the conveyance to her said mother in satisfaction of the debt, and that she did not make either conveyance with any intention to defraud her creditors. The defendant Mary E. Brown by her answer made the same averments of fact, and the defendant H. W. Brown answered setting up the same facts, and in addition denying that at the time of the re-conveyance to him he had any knowledge that Nannie E. Lacy was indebted. The evidence was taken and reported by the master in chancery, and upon hearing the same the chancellor entered a decree finding the facts as alleged in the bill, setting aside the deeds and ordering a conveyance to the complainant of the lands described in the bill and also of ten acres not mentioned therein.

The following facts were proved: O. W. Brown owned the lands and died in September, 1888, leaving the defendant Mary E. Brown, his widow, and the defendants H. W. Brown and Nannie E. Lacy and two other children, his only heirs-at-law. The children agreed with their mother that instead of setting off and admeasuring to her her dower and homestead she should have for such dower and homestead a life estate in the lands, paying the taxes and keeping up the repairs, and she was occupying the premises and had occupied the same under that agreement about twenty-six years. In 1889 the defendant H. W.

Brown made a deed of his interest in the lands to the defendant Nannie E. Lacy, and from that time until the deeds sought to be set aside were executed Nannie E. Lacy held the legal title to an undivided half of the lands, subject to the life estate of the widow. On May 18, 1912, Nannie E. Lacy and N. J. Lacy, her husband, executed a quitclaim deed to H. W. Brown for an undivided one-fourth of the lands, stating therein a consideration of $3000, and on the same day executed a quit-claim deed to Mary E. Brown of an undivided one-fourth of said lands, stating a like consideration of $3000. No money consideration was paid for either deed and the grantees were not present when the deeds were made. Both Nannie E. Lacy and her husband, N. J. Lacy, were involved in debt, and immediately afterward N. J. Lacy filed his voluntary petition in bankruptcy. Judgments were afterward entered against Nannie E. Lacy and executions were returned "no property found," after which, on December 27, 1912, she filed her petition in bankruptcy. The defendant H. W. Brown testified that in 1889 he was threatened with some trouble with his father-in-law, and fearing it might involve his interest in the lands he made the deed to Nannie E. Lacy with the understanding that she was to deed it back to him when he requested her to do so, and that the deed of 1912 was made pursuant to his request. This testimony was directly contrary to the averments of his answer and the answer of Nannie E. Lacy, which alleged that the deed was in the nature of a mortgage and made to secure a loan. The defendants offered evidence that the widow, Mary E. Brown, had furnished feed, grain, lumber and money to Nannie E. Lacy for about fifteen years, amounting to $1000 or $1200, and that the deed to Mary E. Brown was executed to pay that debt. The feed was delivered to N. J. Lacy and was fed to his stock and he was then financially responsible, and no book account was ever kept of that or other property until an effort was made to make up or keep

an account after Nannie E. Lacy and her husband were both practically bankrupt.

The conclusion of the chancellor on the controverted questions of fact was justified by the evidence. The defendants, by their answers, alleged that the deed of H. W. Brown was made to secure a loan, but their testimony was that it was not made to secure a loan or for any other consideration, but was made because Brown feared some trouble with his wife's people and wanted to put the title where it would be secure for him as against them. It does not appear that the anticipated trouble ever materialized or that there was any apparent cause for leaving the title to the land in the name of Nannie E. Lacy for so many years, and but little reliance could be placed upon testimony contradicting the answers. No valid indebtedness to Mary E. Brown was proved, and the evidence was sufficient to show that Nannie E. Lacy wanted to get rid of the land to defeat her creditors and for that reason made the conveyances to her mother and brother.

The principal ground upon which a reversal of the decree is sought is that the complainant could not maintain any bill to set aside the conveyances for want of allegation and proof that when the bill was filed claims had been allowed against the bankrupt estate which there were no assets to pay, and counsel understand the case of *McKey* v. *Smith,* 255 Ill. 465, as declaring such a rule of law. It is not to be understood that the court in that case decided that a bill cannot be filed by a trustee in bankruptcy after claims have been proved in the method provided by law until they have been formally allowed. In that case the bill did not allege that at the time of the conveyance on December 11, 1909, the grantor, Fred Smith, was insolvent; that he had no other property sufficient to pay his debts; that he had debts either then or at any other time; that any unpaid debts existed at the time the bill was filed or that any claims had been allowed against his estate in bank-

ruptcy. It was held that it was not necessary for the complainant to reduce his claims to judgment but it was essential to show by the bill that the assets were insufficient to satisfy the claims of creditors. Section 70 of the Bankruptcy act provides that the trustee of the estate shall be vested, by operation of law, with the title of the bankrupt, as of the date he was adjudged a bankrupt, to property transferred by him in fraud of his creditors, and paragraph (*e*) of that section provides that the trustee may avoid any transfer of his property by the bankrupt which any creditor of the bankrupt might have avoided. The act vests in the trustee the right of creditors to set aside a transfer made by the debtor, and creditors are prevented from obtaining judgment against the bankrupt as a basis for a bill to set aside a conveyance. The trustee represents the general creditors and is entitled to avoid conveyances which they might have avoided, and a judgment is not necessary. (*Sheldon* v. *Parker,* 66 Neb. 610; *Mueller* v. *Bruss,* 112 Wis. 406; *Beaseley* v. *Coggins,* 48 Fla. 215; 5 Ann. Cas. 801.) The bill alleged, and the evidence showed, that judgments had been recovered against Nannie E. Lacy, the bankrupt, before her petition was filed and that the same and other claims had been proved before the referee. A rule of the district court was in evidence providing that all claims filed in the estate not objected to on the day of any meeting called for the purpose of declaring a dividend, which have been duly inspected by the trustee, shall stand allowed as of that date, provided, however, that the referee may on his own motion require additional proof of any claim filed with him for allowance. Under the law and that rule there would be no formal allowance of claims until a dividend is declared. The bankrupt scheduled claims and no assets to pay them, and the claims had been proved, which was a sufficient foundation for the bill.

The decree found that the bankrupt had title to an undivided one-fourth interest in ten acres not mentioned in the bill and ordered a conveyance of that tract to the trustee. The answer made to the objection that land not described in the bill was included in the decree and ordered conveyed is, that by virtue of the Bankruptcy act the title was in the trustee by operation of law. That is not a sufficient answer to an objection that the court granted relief not prayed for in the bill, concerning property not therein mentioned. The court did not acquire jurisdiction over that land and erred in ordering it conveyed. *Rowan* v. *Bowles,* 21 Ill. 17; *Burger* v. *Potter,* 32 id. 66; *Langlois* v. *People,* 212 id. 75; *Stearns* v. *Glos,* 235 id. 290.

The decree contained a finding that the bankrupt was the owner of an undivided one-half interest in the lands in question subject to the widow's dower, but it ordered a conveyance by the defendants to the trustee not subject to dower or any other interest of the widow. After the death of O. W. Brown the dower and homestead were assigned by parol to the widow, and as the homestead might include the entire body of land, the agreement established the limits of her estates of dower and homestead and was valid, as held in *Pearce* v. *Pearce,* 184 Ill. 289. The estates did not come from the agreement of the parties but from the law, and their limits might be fixed by parol. When the agreement was made there was no creditor to be defrauded and the title of the bankrupt was subject to the life estate of the widow. The decree was erroneous in ordering a conveyance not subject to the life estate of the widow and ordering her to join in the conveyance.

For the errors of including the ten acres not mentioned in the bill or deeds and ordering a conveyance not subject to the life estate of the widow the decree is reversed and the cause is remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed. *Reversed and remanded, with directions.*